[S. F. No. 2762.   Department One.—June 4, 1903.]

## THOMAS O'BRIEN, Appellant, v. FRANK A. LEACH, Respondent.

Judgment by Default—Vacation—Excusable Neglect of Attorney.
—Where a party commits his defense to the agency of an attorney,
a default judgment may be vacated for the mistake, inadvertence,
and excusable neglect of the attorney.

Id.—Notice of Motion.—The notice of motion to set aside the judg-
ment by default need not state the facts in detail upon which the
relief is asked, and is sufficient if it states the grounds upon which
the motion will be made.

Id.—Discretion of Court—Trial upon Merits—Review upon Appeal.
—This court is not disposed to interfere with the discretion of the
trial court in setting aside a judgment by default on the ground of
mistake, inadvertence, or excusable neglect, so as to insure a trial
upon the merits, but is disposed to give to the defendant the most
favorable possible construction of the evidence in support of the
grounds alleged.

Id.—Mistake of Attorney as to Time of Answer.—A mistake of the
attorney for the defendant as to the time for answer, growing out
of his knowledge that defendant resides in another county than that
within which suit was brought, and of his ignorance of the fact
that the defendant had been actually served in the county in which
the suit was brought, until after default was taken, whereupon
'prompt and diligent action was taken to correct the mistake, by
motion, justified the discretion of the court in setting aside the
default and judgment.

APPEAL from an order of the Superior Court of the City
and County of San Francisco setting aside a default and judg-
ment.  F. J. Murasky, Judge.

The facts are stated in the opinion of the court.

Robert P. Troy, for Appellant.

Section 473 of the Code of Civil Procedure only authorizes
the relief of a party from a judgment, etc., taken against *him*,
through *his* mistake, inadvertence, surprise, or excusable ne-
glect.  (*Norton* v. *Atchison etc. R. R. Co.*, 97 Cal. 390; [1] *Ed-
wards* v. *Hellings*, 103 Cal. 206; *Haight* v. *Green*, 19 Cal. 605;
*Bailey* v. *Taafe*, 29 Cal. 422.)  The term "legal representa-

[1] 33 Am. St. Rep. 198.

tive," used in the code, does not include an attorney at law. (1 Bouvier's Law Dictionary, 170; *Plummer* v. *Brown,* 64 Cal. 429; *Trumple* v. *Trumple,* 123 Cal. 248.) Parties are not entitled to relief on account of the negligence of their attorneys. (*Smith* v. *Tunstead,* 56 Cal. 177; *Haight* v. *Green,* 19 Cal. 118; *Mulholland* v. *Heyneman,* 19 Cal. 605; *Ekel* v. *Swift,* 47 Cal. 620; *Edwards* v. *Hellings,* 103 Cal. 206; Weeks on Attorneys at Law, secs. 287, 294-295.)

Denson & Schlesinger, and Marshall B. Woodworth, for Respondent.

This court has granted relief to a party for the mistake of his attorney. (*Pearson* v. *Drobaz Fishing Co.,* 99 Cal. 425.) This court favors the discretion of the court below in granting a hearing upon the merits. (*Pearson* v. *Drobaz Fishing Co.,* 99 Cal. 425; *Buell* v. *Emerich,* 85 Cal. 116.)

SHAW, J.—This is an appeal from an order of the superior court of the city and county of San Francisco setting aside the default of the defendant and vacating the judgment thereupon entered against him. The complaint stated a cause of action for malicious prosecution whereby the plaintiff was imprisoned in the city prison of San Francisco for a short period until he gave bail. The damages claimed amount to twenty-five thousand dollars. The summons was served on June 8, 1900, in the city of San Francisco. The default was entered on June 19th, and on June 20th the cause was heard by the court, documentary evidence was introduced for the plaintiff, and judgment given in favor of the plaintiff for twenty-five thousand dollars, as prayed for in the complaint, with costs. A motion to set aside the default and judgment was made by the defendant the following day, but, owing to imperfections in the notice and affidavits filed in support of it, the motion was denied, without prejudice. On June 25th another notice of motion was served and filed, and it was upon this motion that the order appealed from was made.

The notice states that the judgment was taken because of the mistake, inadvertence, and excusable neglect of the defendant's attorney. The plaintiff contends that the statute does not authorize the court to set aside a default unless the

mistake, inadvertence, or excusable neglect was that of the defendant himself. There is nothing in this point that requires discussion. That which a person does through his agent is in law, for many purposes, deemed to have been done by himself, and where a party commits his defense to the agency of an attorney, the excusable neglect or inadvertence of the attorney whereby judgment is taken against the party is as much available to authorize the court to set aside the judgment as though the neglect or inadvertence had been that of the party himself.

It is also objected that the notice of motion does not state the facts upon which the relief is asked. This is not necessary. The notice states the grounds upon which the motion will be made, and it is not necessary that it should state the facts in detail. The real point of this contention seems to be, that the notice states that the grounds upon which the motion will be made are, that the judgment was taken through the mistake and inadvertence of the attorneys, whereas it should have stated that it was done through the mistake and inadvertence of the plaintiff himself. The point is disposed of in the last paragraph.

It is urged that the court abused its discretion in granting the motion to set aside the judgment. In matters of this sort the proper decision of the case rests almost entirely in the discretion of the court below, and this court will rarely interfere, and never unless it clearly appears that there has been a plain abuse of discretion. This court will usually sustain the action of the court below upon the same facts, whether that decision is for or against the motion; but it is much more disposed to affirm an order when the result is to compel a trial upon the merits than it is when the judgment by default is allowed to stand, and it appears that a substantial defense could be made. This will explain what would otherwise seem to be a conflict in the decisions.

There is nothing in this case which requires or deserves extended discussion. The court below in deciding the motion should have considered, and undoubtedly did consider, all the facts in the case as shown by the record, including the cause of action set forth in the complaint, the proceedings in applying for judgment, and the amount of the judg-

ment rendered in favor of the plaintiff, as well as the affidavits filed.

We are disposed to look with favor on the action of the lower court in setting aside the judgment, and to give to the defendant the most favorable possible construction of the evidence. The substance of the affidavits is, that there was a mistake caused by the fact that the defendant resided in Alameda County, which fact was known to his attorneys, whereas the service upon him was made in the city and county of San Francisco, and the place of service was not stated to the attorney to whose charge the defense was given. From the circumstances under which he received the papers, the attorney naturally supposed that the service was made at the place of residence of the defendant, and, therefore, that thirty days would be allowed in which to appear. It was an inadvertence which might occur, even to a reasonably careful man. It was discovered on the day on which the default was taken, and measures to obtain an extension of time, and to vacate the default, were promptly taken and diligently prosecuted. The court below imposed costs upon the defendant.

Upon a consideration of the whole case, we cannot say the default was not taken through the inadvertence and excusable neglect of the attorney in assuming that he had thirty days within which to appear, and hence we cannot declare that there was an abuse by the court below of the discretion vested in it.

The order is affirmed.

Van Dyke, J., and Angellotti, J., concurred.