[L. A. No. 2984.   Department Two.—August 19, 1913.]

J. W. DOWNING, Appellant, v. KLONDIKE MINING AND MILLING COMPANY (a Corporation), Respondent.

PRACTICE—SETTING ASIDE DEFAULT—MISTAKE OF CLERK OF DEFENDANT'S ATTORNEY—DISCRETION.—It is not an abuse of discretion for the trial court to set aside the default of a defendant for failure to answer an amended complaint in time, when the omission was occasioned through the mistake of a clerk in the office of the attorneys for the defendant in placing the pleading among the papers in another action between the same parties then pending in their office, and noting the time to answer in their office calendar under the number of such other action.

ID.—APPEAL—REVIEW OF EXERCISE OF DISCRETION.—Where the trial court has opened a default and placed the cause in a condition for trial on the merits, an appellate tribunal is slow to interfere with the discretion therein exercised, even when the showing made in support of the motion is not of the strongest character.

APPEAL from an order of the Superior Court of Los Angeles County setting aside a default and judgment entered thereon. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Winslow P. Hyatt, for Appellant.

Denio & Hart, Roland G. Swaffield, and Swaffield & Munholland, for Respondent.

MELVIN, J.—Plaintiff appeals from an order setting aside a default and the judgment based thereon.

The suit was one having for its purpose the recovery of seven thousand nine hundred dollars from the defendant corporation, that sum being the alleged amount received from the sale of certain stock which, according to his pleading, plaintiff had transferred to the corporation for its use and benefit.

It appears from the affidavits upon which the court acted in granting relief to the defendant, after the entry of the default judgment, that there were five suits pending at the same time, in which J. W. Downing was the party plaintiff and the corporation which is a party hereto was a defendant. These suits all had reference to the same stock mentioned in this action. One of these had for its purpose the recovery of one hundred thousand shares of the stock of the Klondike Mining and Milling Company, and three of them were injunction suits involving the same subject of controversy. Summons was issued in the suit at bar September 2, 1910, and on October sixth of the same year plaintiff instituted another action called in defendant's brief "the second injunction suit." Although Mr. Swaffield was associated with Messrs. Denio & Hart as counsel for the corporation in all but one of the five actions, all of the papers were served upon the firm above mentioned, and the members of that partnership were chief counsel for said corporation in all of the litigation. Prior to November 12, 1910, respondent had actively contested the case at bar at every step. A demurrer was promptly filed after service of summons and a demand for a bill of particulars was served and filed. There were several

orders extending time for filing a bill of particulars, and on September 21, 1910, an amended complaint was filed. A demurrer to this was sustained and time was given plaintiff within which to file his second amended complaint. Meanwhile there were numerous activities connected with the other litigation between the parties, and the second injunction suit had also advanced to that condition that plaintiff was given permission to file a second amended complaint. On November 12, 1910, a second amended complaint was filed in the action at bar, and through the mistake of a clerk the copy thereof after service was placed with the papers relating to the "second injunction suit" in the office of the firm of Denio & Hart. Answers to all of the complaints in the other suits were filed in time. Counsel for respondent deposed that they believed their client had a meritorious defense to this suit; and they asserted in their affidavits that the default occurred through the mistake in placing the second amended complaint on the wrong file and noting the time to answer under the number of the "second injunction suit" in their office calendar. They also point out the circumstance that their demand for a bill of particulars had never been met. The default judgment was entered March 7, 1911, but no notice thereof was given to defendant or its attorneys, and its existence was discovered, according to the affidavits, while the records were being examined for the purpose of correcting a mistake with reference to the charging of a clerk's fee in one of the cases.

Plaintiff answered defendant's affidavits setting forth in substance the above statement, by an affidavit which went rather into his theory of the case than into any contradiction of the essential averments in excuse of the apparent negligence of the defendant. The contention of his counsel, however, is that defendant's own showing is one of gross and inexcusable negligence. We fail to see, however, that the court violated its discretion in opening the default, and unless such abuse appears the action of that tribunal will not be reversed on appeal. (*O'Brien v. Leach,* 139 Cal. 222, [96 Am. St. Rep. 105, 72 Pac. 1004]; *Oppenheimer* v. *Radke,* 165 Cal. 220, [131 Pac. 366]; *Ingram* v. *Epperson,* 137 Cal. 371, [70 Pac. 195]; *Mitchell* v. *California & Oregon Coast S. S. Co.,* 156 Cal. 580, [105 Pac. 590].) Where the court has opened a default and

placed the cause in a condition for trial on the merits, an appellate tribunal is slow to interfere with the discretion therein exercised, even when the showing made in support of the motion is not of the strongest character. (*Matter of Tracey*, 136 Cal. 390, [69 Pac. 20]; *Merchants' Ad-Sign Co.* v. *Los Angeles Bill Posting Co.*, 128 Cal. 621, [61 Pac. 277].) In this case, however, the showing made by respondent's counsel was a most probable and natural explanation of their failure to answer in time. Our knowledge of the methods in vogue in law offices convinces us that such a mistake as the one detailed in the affidavits herein might be easily made and the consequent default might take place without any culpable carelessness on the part of the attorneys of record.

The order and judgment from which the appeal is taken are affirmed.

Lorigan, J., and Henshaw, J., concurred.