[Civ. No. 1429. Fourth Appellate District.—February 8, 1935.]

ANNA BRUŞKEY, Respondent, v. ALBERT BRUSKEY, Appellant.

Paul Nourse for Appellant.

Head, Wellington & Jacobs for Respondent.

JENNINGS, J.—The order from which this appeal is taken is an order made November 14, 1932, vacating a prior order made on July 19, 1932, dismissing the action on plaintiff's motion. The motion for vacation of the order of dis-

missal was made under section 473 of the Code of Civil Procedure, which provides that "the court may . . . relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect . . . " Appellant concedes that a trial court is vested with a wide discretion in the matter of granting or denying motions for relief under section 473, but contends that the court may not act arbitrarily under the guise of exercising judicial discretion and maintains that the affidavits of plaintiff which furnished the only evidence upon which the court could have based its order entirely fail to show that plaintiff labored under any mistake, inadvertence or surprise or was guilty of any excusable neglect in moving to dismiss the action.

Three affidavits were filed by the plaintiff in support of her motion to vacate the order of dismissal. These are (1) an affidavit of plaintiff herself; (2) an affidavit of plaintiff's brother Oscar Bruskey; and (3) an affidavit of her attorney.

Plaintiff's affidavit may be summarized as follows: That prior to entry of order of dismissal her attorney informed her that the action had been brought upon the theory of agency, "and that after considering the matter upon the statements of her attorney she consented to have said case dismissed upon payment to her" of the sum of $100; that she was subsequently informed by her brother that he had interviewed a representative of the Automobile Club and had also interviewed the chief counsel of said club and had been advised by them that plaintiff had a good cause of action and that, if the attorney representing her had properly brought the suit, it was probable she would have recovered damages; that plaintiff was also informed that her failure to recover was due to her attorney's mistake, that the attorney erred in advising her to have the action dismissed. The question which is presented with respect to this affidavit is what mistake or inadvertence or neglect of plaintiff is there shown which caused the making of the order of dismissal that could justify the trial court in vacating it. The only mistake or inadvertence or neglect which appears from the affidavit is that the affiant was informed that if her attorney had properly brought the action she would probably have recovered damages and that her failure to recover

was due to her attorney's mistake and that the attorney had erred in advising her to dismiss the action. It may further be noted that the affidavit entirely fails to disclose what the mistake of her attorney was or how he had improperly brought the action or in what respect her attorney erred in advising her to dismiss the action. It should further be observed that the material allegations of the affidavit, if indeed there are such, are specifically stated to be based on hearsay. The affiant does not state that her attorney had made a mistake or had improperly brought the action or that he had erroneously advised her merely but that she had been informed that such was the case.

The affidavit of plaintiff's brother also consists entirely of purely hearsay allegations. In it the affiant states, first, that, after he had learned of the dismissal of the action, he interviewed a representative of the Automobile Club of Southern California, from whom the defendant had obtained insurance, and was informed that plaintiff should not execute releases in settlement of her action, that she was fully protected and had a good cause of action against the defendant; second, that together with the defendant he interviewed the chief counsel for the Automobile Club of Southern California and was advised that if the action had been properly brought plaintiff should have recovered substantial damages, that the insurance policy which defendant had obtained afforded full protection to plaintiff for the personal injuries sustained by her, and that, if it had not been for the mistake of her attorney, plaintiff should have recovered in the action. Here again there is neither any allegation that the plaintiff had made any mistake nor any direct allegation that the attorney had made a mistake. There is an intimation that plaintiff's attorney had made some sort of mistake which is based on pure hearsay but there is no pretense of a statement as to what the mistake was.

The affidavit of plaintiff's attorney states that on the date on which the action was to be tried affiant received certain information from the plaintiff regarding the evidence which would be produced during the trial of the case which caused him to advise the plaintiff ''that the action would have to be sustained on the theory of an agency and that it was his opinion that he could not be successful'' in re-

covering damages for plaintiff, whereupon the plaintiff, "after considering the matter", consented to a dismissal of the action upon payment to her of the sum of $100; that affiant subsequently learned that the defendant had interviewed a representative of the Automobile Club and the chief counsel of said club and that the defendant was advised by the latter that plaintiff had a good cause of action and that if the attorney who represented plaintiff had brought the action properly, plaintiff would have recovered damages; that by reason of the statements made by the chief counsel of the Automobile Club plaintiff was led to believe, and now believes, that she has a good cause of action against the defendant and that affiant erred in his advice to her, wherefore she has refused to accept the sum stipulated for the settlement of the case; that the chief counsel for the Automobile Club advised defendant and plaintiff's brother and affiant that if plaintiff's sister, Vertner Bruskey, had been made a defendant in the action, "and that if negligence was established", plaintiff would have recovered against both defendants and that the insurance policy of the defendant would have afforded full coverage for any injuries suffered by plaintiff, "and that the insurance carrier would not have caused execution to be levied against Vertner Bruskey"; that the statements of the chief counsel of the Automobile Club have caused plaintiff to believe that affiant was negligent in regard to her case.

An analysis of the allegations of the affidavit of the attorney demonstrates that it is not therein stated that the affiant made any mistake with reference to the institution of an action or in his advice to the plaintiff with reference thereto. The first statement in the affidavit is, that on the date appointed for the trial of the case the affiant received certain information from the plaintiff which caused him to advise his client that he could not succeed in obtaining a recovery of damages for her. There is no allegation that the information which the attorney received was incorrect or that he made any mistake in advising plaintiff that he could not succeed in the trial of the case. There is no allegation that the plaintiff suffered from any mistake in consenting to a dismissal of the suit. The second statement contained in the affidavit is that the affiant, subsequent to the dismissal of the action, learned that the defendant in the ac-

tion, who was the father of the plaintiff, had interviewed the chief counsel of the Automobile Club and that the defendant had been advised by the said counsel that plaintiff had a good cause of action and that if plaintiff's attorney had brought the action properly plaintiff would have recovered damages. This allegation contains an intimation that plaintiff's attorney had made a mistake of some character in the institution of the suit but there is no suggestion as to what the mistake was. Furthermore, and more important, it is a statement of pure hearsay. The third allegation of the affidavit is that the chief counsel for the Automobile Club informed affiant that if plaintiff's sister had been joined as a defendant in the action and if negligence had been established the plaintiff would have recovered since the defendant's insurance policy would have afforded full protection to plaintiff for any injuries sustained by her and the insurance carrier would not have caused execution to issue against plaintiff's sister. There is not contained in this allegation a statement that any mistake was made either by plaintiff or by her attorney in procuring the dismissal of the action. Moreover, the allegation is a statement of pure hearsay involving nothing more than the declaration of an opinion by a certain individual.

The notice of motion to vacate the order of dismissal stated that the motion would be made on the ground ''that the consent of plaintiff to the dismissal was entered through mistake, inadvertence, and excusable neglect''. The notice further stated that the motion would be based ''upon the notice of motion and all affidavits filed herewith and upon all the other records and files of the above-entitled action''. The notice also indicated that leave of court would be sought ''permitting plaintiff to file her amended complaint herewith served''. The record shows that the aforesaid notice was served on the defendant on October 17, 1932, and that on the same date an amended complaint in the action was also served on defendant. The record further shows that, on the same date on which the court granted plaintiff's motion to vacate the prior order dismissing the action, it granted her motion for permission to amend the complaint. It is clear, therefore, that at the time the order of dismissal was vacated the trial court had before it and was entitled to consider not only the affidavits to which extended refer-

ence has heretofore been made but also the original complaint and the amended complaint, both of which were verified and were entitled to be considered by the court.

The original complaint alleges that the plaintiff and Vertner Bruskey are the owners of certain property therein described; that a garage and driveway are located on the property; that on March 28, 1931, the defendant's automobile was in the garage and that it was negligently pushed out of the garage and down the driveway by Vertner Bruskey who had the same under her control at the time and was using it with the defendant's consent; that by reason of Vertner Bruskey's negligence in pushing the automobile out of the garage, the said automobile ran backward off the driveway and upon the plaintiff who was then standing in the proximity of the driveway; that by reason thereof plaintiff received certain personal injuries and incurred certain specified expenses. The prayer of the complaint is that plaintiff have judgment "against the defendants and each of them" for a specified amount.

The allegations of the amended complaint indicate that Vertner Bruskey was joined therein as a party defendant to the action and that the cause of action against the defendant Albert Bruskey is based on imputed negligence as defined in section 1714¼ of the Civil Code. The facts stated in the amended pleading are identical with those which are alleged in the original complaint.

It is settled in this state that the granting or refusal of relief under the provisions of section 473 of the Code of Civil Procedure is a matter which rests in the discretion of the court to whom the application is presented, that the court's discretion in such matters is broad, and that an abuse thereof must clearly be made to appear to warrant a reviewing court in disturbing the trial court's action. (*Waite* v. *Southern Pac. Co.*, 192 Cal. 467 [221 Pac. 204]; *Waybright* v. *Anderson*, 200 Cal. 374 [253 Pac. 148].)

It is also the rule for which there is ample authority that it is the policy of the law to favor, wherever possible, a hearing on the merits, and for this reason appellate courts are much more disposed to affirm an order the result of which is to compel a trial on the merits than is true when the judgment from which relief is sought is allowed to stand particularly when it is made to appear that a trial

might result in the rendition of a different judgment. (*O'Brien* v. *Leach,* 139 Cal. 220 [72 Pac. 1004, 96 Am. St. Rep. 105]; *Downing* v. *Klondike Min. & Mill. Co.,* 165 Cal. 786 [134 Pac. 970]; *Berri* v. *Rogero,* 168 Cal. 736 [145 Pac. 95]; *Waybright* v. *Anderson, supra.*)  The above principles are applicable to a case wherein a plaintiff consents to a dismissal of an action under a mistake of fact and upon learning of the mistake seeks to vacate the order of dismissal in accordance with the provisions of section 473 of the Code of Civil Procedure.  (*Palace Hardware Co.* v. *Smith,* 134 Cal. 381 [66 Pac. 474].)

█  Nevertheless, it is obvious that a party who seeks relief under section 473 of the Code of Civil Procedure must make a showing that, due to some mistake either of fact or law, of himself or of his counsel, or through some inadvertence, or surprise, or neglect which may properly be considered excusable, the judgment or order from whose effect he seeks to be relieved was entered.  In other words, a burden is imposed upon the party seeking relief to show why he is entitled to it.  The assumption of this burden necessarily requires the production of evidence.  █  That the plaintiff appreciated this fact is demonstrated by the production of affidavits in support of her application for relief.  Analysis of these documents indicates that, taken alone, they were insufficient to provide an evidentiary foundation for the court's action vacating the prior order of dismissal.  However, as above noted, the court had before it at the time it passed upon the application for relief not only the affidavits but also the entire record.  It remains to discover whether this record containing the original complaint, the defendant's answer thereto, and the amended complaint then sought to be filed made out a sufficient showing to justify the trial court in exercising the very broad discretion reposed in it.

█  It is the contention of plaintiff that her motion for vacation of the order of dismissal was based upon a mistake of law by her attorney "in advising plaintiff on the theory of agency and his excusable neglect in failing to bring in a proper and necessary party defendant".  In this connection, it is pointed out that the affidavit of plaintiff's attorney states that the chief counsel for the Automobile Club advised affiant that if Vertner Bruskey had been

joined as a codefendant in the action and that if negligence had then been established the plaintiff would have recovered against both defendants and the insurance policy issued to defendant would have fully protected plaintiff in the collection of any amount awarded her as damages for her injuries and the insurance carrier would not have caused execution to be levied against plaintiff's sister, Vertner Bruskey. It is then argued that this advice given to the affiant by the chief counsel for the association through whom defendant had obtained his insurance was not a mere voluntary statement of opinion but was direct information regarding the merits of the case which was conveyed to plaintiff's attorney. The conclusion of this argument is that if the information thus conveyed to the attorney was true and if the attorney for plaintiff had theretofore been erroneously advised with respect to the policy of insurance which the defendant had obtained and if the attorney's advice to the plaintiff which caused her to consent to the dismissal of the action was erroneous due to his lack of knowledge of the provisions of defendant's insurance policy, then the trial court committed no abuse of discretion in making the order from which this appeal has been taken.

The above analyzed elaborate argument is not persuasive. Its fundamental premise appears to be that the advice given to plaintiff by her attorney "on the theory of agency" was given under a mistake as to the law and further that the attorney was guilty of excusable neglect in failing to join as a codefendant in the action plaintiff's sister, Vertner Bruskey, who was a proper and necessary party defendant thereto. However, it nowhere appears in the record what advice the attorney gave to plaintiff "on the theory of agency," and it is therefore inconceivable that the trial court could have discovered that the attorney was mistaken as to the law.

It is equally difficult to sustain the contention that plaintiff's attorney was guilty of excusable neglect in failing to join plaintiff's sister as a codefendant in the action. It may be conceded that the attorney was guilty of neglect in this respect if the cause of action, as appears both from the original complaint and the amended complaint, was founded on the doctrine of imputed negligence as declared by section 1714¼ of the Civil Code. Section 473 of the Code of Civil

Procedure provides that a party or his legal representative may be relieved from a judgment, order or other proceeding taken against him through his *excusable* neglect. The record is entirely lacking in any showing of excuse for the attorney's failure to have joined plaintiff's sister as a codefendant. Plaintiff's reasoning in this regard appears to be that her attorney was ignorant of the provisions of the insurance policy issued to the defendant and did not know that it would cover a case of imputed negligence at the time he advised plaintiff.to accept the sum of $100 in settlement of the case and to dismiss the action; that subsequent to the dismissal of the action plaintiff's attorney was advised by the chief counsel of the Automobile Club through which the defendant had obtained insurance that the insurance policy issued to defendant covered a case of imputed negligence and would have afforded full protection to plaintiff if plaintiff's sister had been joined as a codefendant in the action; and that in such event if negligence was established the plaintiff would have recovered against both defendants. It is difficult to understand how it may be argued that the attorney's lack of knowledge of the provisions of an insurance policy issued to the defendant Albert Bruskey could operate as an excuse for his failure to join the operator of the automobile as a defendant in an action based on negligence imputed by law to the owner of the automobile because of the fact of ownership. Presumably, the inference which is sought to be conveyed is that if the attorney had been informed as to the provisions of the defendant's insurance policy and that it covered a case of negligence imputed through ownership he would have joined plaintiff's sister as a codefendant. An obvious difficulty with this line of reasoning is that the record does not disclose that the trial court was advised by proper evidence that the defendant's insurance policy did cover a case of imputed negligence. The affidavit of plaintiff's counsel does not purport so to declare. It does state that the attorney was advised by the chief counsel of the Automobile Club that the insurance policy "would have fully protected the plaintiff for any judgment of damages". It is said that this was direct information in regard to the merits of the case derived from an individual who was chief counsel of the association through which the defendant had procured

insurance. This suggestion is devoid of merit. Surely, it requires some straining of the legal imagination to urge that information regarding the provisions of the defendant's insurance policy is information respecting the merits of this action. Furthermore, an affidavit of the chief counsel of the Automobile Club was filed as a counter-affidavit in opposition to the motion by the defendant. This affidavit contained the only information placed before the trial court as to the insurance company which had issued the policy of insurance to the defendant. It is therein alleged that the defendant called upon the affiant and stated to him that the reason for the dismissal of the action was that the plaintiff had been told by her attorney ''that the policy of said automobile liability insurance, which the defendant had obtained from the Standard Accident Insurance Company of Detriot, Michigan, through the Automobile Club of Southern California, was not adequate to protect plaintiff's sister, Vertner Bruskey, who was in charge of defendant's car at the time plaintiff received her injuries''. It is therefore clear that the information which is set out in the affidavit of plaintiff's attorney as having been conveyed to affiant by the chief counsel of the Automobile Club to the effect that defendant's policy of insurance would have fully protected the plaintiff in the collection of any damages awarded to her was a hearsay declaration, amounting simply to a statement of opinion emanating from an individual who was in no way connected with the insurance carrier which had issued the policy of insurance to the defendant. Finally, the matter of an insurance policy issued to the defendant is entirely immaterial to the problem which is here presented. Assuming that the defendant has a policy of insurance insuring him against public liability and that it is entirely adequate to assure to the plaintiff that she will be able to collect any award which she may receive as compensation for her injuries, and assuming further that plaintiff's attorney was totally ignorant of the provisions of the policy and did not know that it would cover a case of imputed negligence so that, in the event of the recovery of damages by plaintiff, she may enforce collection of her judgment by instituting an action on the policy, how can it be urged that this lack of knowledge by plaintiff's attorney constituted any excuse for his failure to have joined the

operator of the automobile as a codefendant in an action based on imputed negligence? It is not pretended that plaintiff's attorney did not fully understand the provisions of the statute which permits recovery of damages based on the theory of imputed negligence. It was not shown to the trial court that the attorney was misinformed in any fashion as to the facts or that he was uninformed as to any matter relating to the action other than that he lacked knowledge respecting the provisions of defendant's insurance policy. There was an entire failure to make any showing that the order of dismissal from which plaintiff sought relief was caused or effected by any mistake of fact or law either on the part of plaintiff or her attorney. It is not pretended that the plaintiff or her counsel was surprised in the entry of the order. Under the circumstances which are disclosed by the record we are impelled to the conclusion that the trial court abused its discretion in vacating the prior order dismissing the action.

The order from which this appeal has been taken is therefore reversed.

Barnard, P. J., and Marks, J., concurred.