[Civ. No. 10300.    First Appellate District, Division One.—November 12, 1937.]

J. H. SHIVELY et al., Appellants, v. I. M. KOCHMAN et al., Respondents.

S. Laz Lansburgh and S. Joseph Theisen for Appellants.

Matthew J. Dooley and E. Coke Hill for Respondents.

THE COURT.—An appeal from an order vacating a default and setting aside a judgment entered thereon.

The action was brought to recover instalments of rent and damages for the loss of and injuries to certain personal property. Subsequently the plaintiffs by leave of the court served and filed a pleading, designated a supplemental and amended complaint, and defendants were allowed ten days to answer the same. They having failed to answer, their default was taken and a judgment was entered against them. This they moved to vacate, and their motion was granted.

In support of the motion they served and filed an affidavit by their attorney and a verified answer to the supplemental and amended complaint. Plaintiffs contend that these were not sufficient to support the order appealed from.

While the previous pleadings in the case are not contained in the record it is undisputed that the defendants had answered the original complaint; and it appears from the affidavit in support of the motion that a few days before the filing of the amended and supplemental complaint the case had been set for trial by the plaintiffs. It appears that in the supplemental portion of the complaint plaintiffs alleged that instalments of rent had accrued since the commencement of the action, and recovery of these sums was sought by the new pleading. According to the affidavit mentioned defendants' attorney noted in his register of actions the date fixed for the trial, but through inadvertence failed to note the expiration of the time within which his clients were required to answer the new pleading.

It is well settled that the granting of relief from a default is a matter of discretion with the trial court, which will not be interfered with on appeal unless such discretion has been abused. Here the defendants made timely applica-

tion for relief, and the facts bring the case fairly within the rule stated in the following decisions: *O'Brien* v. *Leach*, 139 Cal. 220 [72 Pac. 1004, 96 Am. St. Rep. 105]; *Downing* v. *Klondike Min. Co.*, 165 Cal. 786 [134 Pac. 970]; *Berri* v. *Rogero*, 168 Cal. 736 [145 Pac. 95]; *Hagenkamp* v. *Equitable Life Assur. Soc.*, 29 Cal. App. 713 [156 Pac. 520]; *Hayes* v. *Pierce*, 18 Cal. App. (2d) 531 [64 Pac. (2d) 728]; *Brasher* v. *White*, 53 Cal. App. 545 [200 Pac. 657].

An affidavit of merits was filed by the defendants' attorney, and complaint is made that this also was insufficient. However, one of the defendants verified the answer mentioned, which denied the material allegations of the amended pleading. The answer supplied any deficiencies in the affidavit, and such has been held to be sufficient. (*Waybright* v. *Anderson*, 200 Cal. 374 [253 Pac. 148].)

No abuse of discretion has been shown, and the order appealed from is accordingly affirmed.