[Civ. No. 10773. First Appellate District, Division One.—July 27, 1939.]

LAWRENCE J. MORGAN, Appellant, v. BROTHERS OF THE CHRISTIAN SCHOOLS (a Corporation), et al., Defendants; JOSEPH KING, Respondent.

Abraham Setzer for Appellant.

Leo A. Cunningham for Respondent.

KNIGHT, J.—Plaintiff brought this action to recover a sum of money claimed to be due under an alleged oral contract of employment. One of the several defendants sued failed to appear within the ten-day period allowed by law; the next day his default was taken, and several days later formal judgment was entered against him for the full amount prayed for in the complaint. Thereafter, pursuant to a motion made under the authority of section 473 of the Code of Civil Procedure, the default judgment was set aside, and from the order made in that behalf plaintiff took this appeal.

With respect to the law governing appeals of this kind, the authorities hold uniformly that a motion to set aside a default judgment is addressed to the sound discretion of the trial court, and that in the absence of a clear showing of abuse in the exercise of such discretion a reviewing court will not disturb the trial court's ruling. Moreover, it is the declared policy of the law to favor, whenever possible, a hearing on the merits, and therefore reviewing courts are much more disposed to affirm an order when the result is to compel a trial on the merits, than when the default judgment is allowed to stand and it appears that a substantial defense could be made. (*Waybright* v. *Anderson*, 200 Cal. 374 [253 Pac. 148].) An examination of the record in the present case discloses no ground upon which to

base the conclusion that the trial court's ruling constitutes an abuse of discretion.

The action was instituted in Alameda County, and is based on allegations to the effect that for many years appellant was employed by the Brothers of the Christian Schools, a corporation, known also as the Christian Brothers, as caretaker and janitor of St. Mary's College High School, Peralta Park, Berkeley; and that during those years of employment he allowed his wages to accumulate and remain in trust with Brother George (a member of the Christian Brothers who died some time prior to the commencement of this action), with the understanding that the same would be paid to him on demand. Joined with the Brothers of the Christian Schools, as parties defendant, were three of its officers, including the respondent, Joseph King, whose religious name is Brother Augustine, several allied religious corporations, St. Mary's College of Oakland, a corporation, and certain fictitious parties. The complaint contains no allegations that respondent took any part in any of the transactions attending the making of the alleged oral contract of employment; but at the time of the commencement of the action he was one of the directors and the superintendent of St. Mary's College High School, and it appears from the allegations of the complaint that it was because of such official connection with the institution that he was made a party defendant. The summons was served on him at the high school on June first; and according to the evidence adduced at the hearing his failure to appear in the action within the statutory period was due to the fact that his attorney, whose offices were in San Francisco, was advised that said high school where said summons was served was located in Contra Costa County; whereas the fact is it is situate in Alameda County, not far distant from, that is, within a mile of the boundary line between the two counties. In this connection it appears from the averments of the affidavit filed by said attorney in support of the motion that the copies of the summons and complaint which were served on respondent were delivered to him at his office in San Francisco by Brother Velessian (a member of the Christian Brothers but not a party to the action), with the request that he represent respondent and certain other defendants; that at the time he was appointed to represent defendants he was advised that the documents mentioned had been served on respondent at the high school

and that the high school was located within the boundaries of Contra Costa County and not within Alameda County; that consequently he assumed he had thirty days from the date of the service within which to file an appearance in behalf of respondent. In addition to the facts set forth in said affidavit and in confirmation of the averments therein that said attorney was acting under the erroneous belief that said summons was served in Contra Costa County, the record shows that on June third, which was only two days after the service of the summons, and more than a week prior to the last day to file an appearance, he wrote a letter to counsel for appellant, whose offices were also in San Francisco, in which he stated: " . . . I notice that you filed the same (referring to said action) in Alameda county on May 28th and served Brother Augustine at St. Mary's College High School, Peralta Park, Berkeley. The purpose of my letter is to advise you that personal service so made was made in Contra Costa county. The Berkeley school is located across the Alameda county line, and is situated within Contra Costa county. In so advising you of this fact, it will prevent your taking a default prematurely since we will exercise the use of the thirty days for appearance, as the service was made out of Alameda county. You, of course, will verify this fact." Continuing, he went on to say that inasmuch as the action had been brought in the wrong county, it might be more convenient to try the case in San Francisco; "but in any event the proper county is Contra Costa county", and that unless it was agreed that the cause would be tried in San Francisco respondent would move to change the place of trial to Contra Costa County. On the following day counsel for appellant acknowledged receipt of the letter but made no comment whatever in response to the assertion made therein that the high school was in Contra Costa County. He merely stated in somewhat curt terms that the action would not be tried in San Francisco. Thereupon respondent's attorney again wrote counsel for appellant under date of June eighth, which, as will be noted, was still three days prior to the expiration of the ten-day period within which he might have filed an appearance or obtained an extension of time so to do, in which he stated, among other things, "The only motive of my letter of June 3rd to you was to courteously advise you of a definite fact concerning which, if you are unaware of it, might cause you

to go to considerable trouble and expense in taking a default, prematurely.'' The evidence also shows that service of summons on St. Mary's College of Oakland, one of the defendants sued, was in fact made in Contra Costa County.

As will be seen from the foregoing, there is ample evidence apart from the averments in said attorney's affidavit to support the trial court's conclusion that the failure to appear in the action within the statutory period of ten days was not the result of negligence, but was due entirely to the mistaken belief that the summons was served outside of the county in which the action was instituted. The factual situation upon which the motion to set aside the default was based is therefore no different from the one presented in *O'Brien* v. *Leach,* 139 Cal. 220 [72 Pac. 1004, 96 Am. St. Rep. 105] (cited with approval in *Waybright* v. *Anderson, supra*), wherein the trial court's order setting aside the default judgment was readily affirmed.

In further support of the trial court's ruling, it may be stated that it appears from respondent's proposed answer to the complaint that he is claiming in good faith to have a substantial defense to the action; in fact, the allegations of the complaint themselves would seem to show that he was brought into the case merely as a nominal party; and the fact that at least one of the defendants was served with summons outside of the county within which the action was instituted, and the further fact that the application to vacate the default was made with reasonable promptness, may be taken as proof that the ruling complained of did not have the effect of delaying the trial of the action, nor in any way operate to appellant's prejudice in maintaining his action against the real parties in interest.

Appellant calls attention to certain circumstances which he claims tend to show that said attorney knew of the true location of the high school. But even assuming that such inference could be reasonably drawn therefrom, a mere conflict, at best, would be raised thereby, and therefore in any event the trial court's determination of the matter would be conclusive on appeal. Nor is the situation altered by the fact that respondent himself filed no affidavit in support of the motion. As shown by the numerous cases cited in respondent's brief, in the determination of motions to set aside defaults, mistakes of attorneys and those of parties to the action are measured by the same rules; and here, as in the

case of *O'Brien* v. *Leach, supra,* we are dealing with the mistake of the attorney, and not of the client. With respect to the cases cited by appellant, it will suffice to say that after having examined them we find nothing therein at variance with the legal principles above stated, nor is there such similarity of facts as to make the decisions therein controlling on this appeal.

The order is affirmed.

Ward, J., and Peters, P. J., concurred.