[Civ. No. 2386. Fourth Appellate District.—July 22, 1940.]

AMINE HICKS, Respondent, v. HUGH A. SANDERS, Appellant.

Sanders & La Motte for Appellant.

Wright, Monroe, Harden & Thomas for Respondent.

MARKS, J.—This is an appeal from an order setting aside a default and a judgment obtained after default and permitting plaintiff to file an answer to defendant's amended cross-complaint.

The bill of exceptions fails to contain any of the pleadings filed in this action. ▉ We glean some of the following facts from the brief of defendant.

Plaintiff's complaint was served and filed on June 15, 1939. Defendant filed his answer, counterclaim, and cross-complaint on June 23, 1939. A demurrer to the cross-complaint was sustained on July 17, 1939, with ten days within which to amend. An amended cross-complaint was served and filed on July 27, 1939. Plaintiff filed no pleading and her default was entered on August 9, 1939. Judgment on the amended cross-complaint was entered against her on August 12, 1939. On September 7, 1939, plaintiff filed a notice of motion to set aside the default and default judgment and specified that ''Said motion will be made upon the following grounds: That said default and default judgment was entered through the mistake, inadvertence, surprise and excusable neglect of plaintiff and cross-defendant's counsel''. Supporting affidavits were filed and the notice of motion was accompanied by plaintiff's proposed answer to the amended cross-complaint. Defendant filed counter affidavits and a motion to strike plaintiff's notice of motion and the supporting affidavits. On September 28, 1939, the trial court granted plaintiff's motion and denied defendant's motion. The order required plaintiff to pay to defendant, $18.50, costs incurred by him. This appeal from that order followed.

The affidavits disclose that plaintiff was sick in a hospital, and in her home, from July 4, 1939, to August 25, 1939. During much of that time she was attended by physicians and a nurse. She had an acute attack of bronchial pneumonia and in addition suffered an injury to her knee about August 18, 1939. It clearly appears that her condition was such that she could not attend to business until about August 26, 1939.

G. C. Thomas was the attorney in charge of plaintiff's case. He left on his vacation on July 15th and returned on August 6, 1939. On the morning of August 7, 1939, plaintiff's nurse, Mrs. E. P. Justice, saw him in his office and ''at that time stated to affiant (Thomas) that plaintiff and cross-defendant was then seriously ill and although she was no longer at the hospital in La Jolla, as she had been between July 4th and July 15th, under the charge of Dr. E. F. F. Copp at the Scripps Metabolic Clinic, suffering from bronchial pneumonia, she was still in a very serious condition, and that any effort to carry on her business or any consultations with reference to the litigation might prove fatal to said

plaintiff. That the said Mrs. E. P. Justice, suggested and requested that affiant do not seek to communicate with plaintiff until he was advised by her." The attorney prepared an answer to the amended cross-complaint on August 10, 1939, which was mailed to plaintiff, who, because of her physical condition, did not verify it until August 26, 1939.

It is thoroughly established that a motion to vacate a default and a default judgment is addressed to the sound discretion of the trial court and that an appellate court will only disturb the order of the trial court where there has been a manifest abuse of its discretion. (*Jones* v. *Title Guaranty & Trust Co.*, 178 Cal. 375 [173 Pac. 586]; *Nicoll* v. *Weldon*, 130 Cal. 666 [63 Pac. 63].) Under the facts before us here there was no such abuse of discretion.

Defendant urges that the notice of motion was fatally defective as it specified the mistake, inadvertence, surprise and excusable neglect of counsel for plaintiff as grounds of the motion rather than the mistake, inadvertence, surprise and excusable neglect of plaintiff, as is required by section 473 of the Code of Civil Procedure. This contention is entirely without merit. The attorney is the agent of his client. The neglect of the agent is charged to his principal and in law is the neglect of his principal. (*O'Brien* v. *Leach*, 139 Cal. 220 [72 Pac. 1004, 96 Am. St. Rep. 105].) In a great majority of cases of this kind the neglect shown to support the order vacating the default and default judgment was actually that of the attorney.

Defendant urges novel grounds for a reversal of the order which may be consolidated and stated as follows: The third paragraph of section 473 of the Code of Civil Procedure dealing with the vacation of judgments because of mistake, inadvertence, surprise or excusable neglect does not require that notice be given of such a motion. A judgment is property. Due process of law requires that notice be given to a party before he is deprived of his property. As the section does not require that notice be given of the motion to vacate a judgment, it is unconstitutional and void as it violates the due process clauses of the state and federal Constitutions. (Sec. 13, art. I, Const. of Cal.; sec. 1, Fourteenth Amendment to Federal Constitution.)

The foregoing argument is without merit. Where a right is created or remedy given by a statute which does not pre-

scribe the procedure to be followed, the courts may adopt such reasonable rules of procedure as may be necessary to give the statute legal force and effect. The courts of California have held, without exception, that a motion to vacate a judgment under the provisions of section 473 of the Code of Civil Procedure can only be made on due notice to the adverse party, unless notice be waived. In *Estate of Soboslay,* 4 Cal. (2d) 177 [47 Pac. (2d) 714], it was said: "There can be no doubt that in the ordinary case, a motion under this section must be made upon notice, and the setting aside of a judgment, without such notice, is an unwarranted act. (*Brownell* v. *Superior Court,* 157 Cal. 703 [109 Pac. 91].)" Here due notice of the motion to vacate the default and the default judgment was given to defendant. This satisfies the due process clauses of the Constitutions.

 Defendant contends that at least those portions of his motion to strike parts of the affidavits which detailed facts which happened after the entry of the default and the default judgment should have been granted because those facts had no bearing on the neglect which resulted in the default and the judgment.

It was incumbent on plaintiff to show that she had sought to be relieved from the results of her excusable neglect "within a reasonable time". (Sec. 473, Code Civ. Proc.) Those portions of the affidavits bore on that question and were properly considered by the trial court.

The order is affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 4, 1940, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 19, 1940.