BERNARDO PIRIS GONZÁLEZ, ETC., Plaintiff and Appellant, v. EPIFANIO HERNÁNDEZ, ETC., Defendant and Appellee.

No. 8323.    Argued December 2, 1941.—Decided January 15, 1942.

C. del Toro Fernández for appellant.    M. Cruz Horta for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

Bernardo Piris, father of Bernardina Piris, a young woman 18 years of age, brought an action against Epifanio Hernández to recover damages caused to the minor by reason of her seduction under promise of marriage.

In the complaint it was alleged that the defendant, a married man, had a love affair with Bernardina under a promise of marriage which by word of mouth and in writing he made to the minor and to her father, falsely representing himself to be unmarried; that the seduction of the minor occurred on July 10, 1938; that at the time she consented to have sexual intercourse with Epifanio Hernández, surrendering her virtue to him, she was an unmarried young woman of chaste character, and reputed as such in the community; that ever since July 11, 1938, the defendant has been post-

poning the fulfillment of his promise of marriage until one day in January, 1939, when, upon Bernardina demanding such fulfillment, as she was about to become a mother, the defendant confessed to her that he was a married man; that such a confession produced in Bernardina a severe nervous breakdown and, in consequence thereof, she immediately had a premature childbirth. The sum of $2,000 was claimed as compensation for the mental anguish and the physical suffering sustained by the minor and for the injury caused to her reputation among her neighbors and friends.

After the default of the defendant had been entered and a trial of the case was had, the District Court of San Juan, on October 6, 1939, declared as proven the essential allegations of the complaint and adjuged the defendant to pay to the plaintiff the sum of $1,500, with costs but without including attorney's fees.

During the whole proceeding and up to the time of the rendition of the judgment, the defendant had been represented by Attorney J. A. Casablanca, who did not withdraw as attorney in the case until October 21, 1939. On the 23d of the same month, the defendant appointed Attorneys Cruz Horta and Torres Aguiar to represent him in this case, and on that same date said attorneys filed a motion praying that the judgment be set aside and that the defendant be allowed to answer the complaint. The grounds of said motion were:

1. That ever since the suit was commenced the defendant had designated as his counsel Attorney Casablanca, paying him $155 as fees; and that until the time that notice of the judgment had been served on him the defendant was under the impression that said attorney had entered his apppearance of record in defense of the action.

2. That on October 21, 1939, the defendant went to the court in order to personally examine the record and he was surprised to learn that the court had rendered a default judgment and that notice of the same had been served on

Attorney Casablanca; that he immediately appointed Attorneys Cruz Horta and Torres and instructed them to move to set aside the judgment and to prepare an answer to the complaint; and that in view of the facts disclosed by the defendant to his attorneys, the latter have advised the defendant that he has a good, just, and valid defense to the action brought against him in this case.

In support of said motion there were filed an affidavit of merits subscribed by one of the attorneys for the defendant and a draft of the answer in which the defendant specifically denied each and all of the essential allegations of the complaint.

The plaintiff filed a lengthy statement in opposition to the motion to vacate the judgment and included therein a detailed recital of the unjustifiable delays in which the attorney for the defendant had incurred before the default was entered a second time; and alleged, further, that the only purpose sought by the defendant in applying for the vacation of the judgment was to obtain thereby the release of the attachment which had been levied upon his property, without bond, after the rendition of said judgment.

On November 15, 1939, the trial court rendered an order whereby it sustained the defendant's motion, set aside the default judgment, granted leave to file the answer tendered by the defendant, and imposed on the latter the payment of plaintiff's costs including $50 as attorney's fees. Feeling aggrieved by that order, the plaintiff took the present appeal. In support thereof he has filed a lengthy brief in which he assigns the following errors as committed by the court:

"*First.*—The district court erred in impliedly admitting that the defendant had a meritorious defense when it stated that it had carefully examined the allegations of the verified complaint and of the answer, comparing them with the statements made in the motion and in the affidavit of merits on which said defendant based his motion, finding that the latter had denied the essential fact which forms the basis of plaintiff's claim.

"*Second.*—The court *a quo* erred and abused its discretionary power in separately weighing the negligence of the attorney by the direct omissions of the latter and the negligence of the defendant by the direct omissions of said defendant; and in disregarding the testimony of the stenographers Miguel Ángel Morales and Pedro R. Arroyo, which established that Hernández and Casablanca, about two months before the trial, had in their presence a heated argument in which the former told the latter that he did not wish to hear any more about the case nor to follow the same; to please drop it. And all this, to conclude that the negligence on the part of Epifanio Hernández was not so serious as to preclude the court from exercising its discretion to set aside the judgment and decree the opening of the default."

██ Section 140 of the Code of Civil Procedure confers on the lower court the discretionary power to relieve a party from a judgment rendered against him through his mistake, inadvertence, surprise, or excusable negligence.

It is a well-settled rule followed in this jurisdiction that the granting or denial of a motion to vacate a default judgment is a matter which rests in the sound discretion of the court to which the motion was addressed, and unless that discretion has been abused, the appellate court will not intrfere. *Harbaugh* v. *Honey Lake etc. Co,,* 109 Cal. 70; *Foley* v. *Foley,* 120 Cal. 33, 38; *O'Brien* v. *Leach,* 139 Cal. 220. In *Pelegrinelly* v. *McCloud River Lumber Co.,* (Cal. App.), 82 P. 695, it was held that an order granting or denying a motion to set aside the default of a defendant will not be reserved on appeal, unless an abuse of discretion is clearly shown, and especially where the motion is granted.

Has there been committed in the case at bar such an abuse of discretion as will justify our interfering to set aside the order appealed from?

The defendant was served with summons on April 4, 1939, and on the 13th of the same month his attorney, Mr. Casablanca, filed a motion to strike out certain parts of the complaint. The defendant failed to appear to uphold his motion and the latter was denied on May 17, 1939, the defendant

being granted ten days to plead to the complaint. On the 31st of the same month the default of the defendant was noted. On June 2 of the same year, the defendant requested and obtained an extension of thirty days to plead, and on June 23, the lower court granted him a further extension of fifteen days which expired on July 10 without the defendant having filed any pleading. On August 28, 1939, the plaintiff moved that the extensions granted subsequent to the entry of the default be set aside and that the default be allowed to stand. On September 9 the default of the defendant was entered a second time, on September 22, 1939, the trial of the case was held, and on October 6 there was rendered the judgment which was subsequently set aside by the order appealed from.

From the foregoing statements it appears that by reason of the negligence of the defendant or his attorney, the plaintiff has been compelled to wait over six months in order to secure an answer to his complaint. The defendant admits that there was negligence on his part, but he blames his attorney therefor. At the hearing of the motion to vacate the default judgment, the defendant testified that he took steps to have Attorney Casablanca look after the matter and for this purpose he called on him regularly every four or five days; that every time he called on Casablanca the latter asked him for money and stated that the case was proceeding well; that he paid him up to $155; that he learned for the first time that the case had been decided when his business was levied upon; that he then went to the office of the clerk and learned that there was a default judgment; that on the recommendation of a cousin of his he called on Attorney Cruz Horta and that the latter stated to him that he had a meritorious defense; that it is not true that Casablanca had made any efforts to obtain from him the necessary information to prepare the answer, or that he had refused to give it to him; and that it was not true either that he had been with Casablanca in the office of the district

attorney, or that he had stated in the presence of the stenographers Arroyo and Morales that he had no interest in the suit and that he should drop it.

Contrary to the denials made by the defendant, the stenographers Morales and Arroyo testified that they had heard a conversation between defendant and Casablanca; that the latter asked the defendant for a certain sum and the defendant refused to give it to him; that both were angry and the defendant concluded by telling Casablanca to drop the matter that he did not wish to go on with the case and Casablanca then rose and went away.

In the order appealed from the lower court said:

"There is no doubt that the defendant personally and also his attorney have been negligent in the prosecution of this case, for although the complaint had been filed on March 30, 1939, and the defendant had been served with summons on the 4th of April following, he confined himself to the filing of a pleading or 'a motion to strike out' which was denied by this court on May 16, 1939, without the defendant taking advantage at that time of the period of ten days which was granted to him by the court to plead to the complaint; and although two motions for extensions appeared to have been filed, the fact is that they were filed after the expiration of the term, for which reason the default of the defendant was entered in the record on September 18, 1939, after another default, entered on May 31, 1939, had been voluntarily waived by the plaintiff. However, the negligence of the defendant is not so serious as to preclude this court from exercising its discretion under Section 140 of the Code of Civil Procedure in order to give the defendant an opportunity in this case to be heard upon his alleged defense against plaintiff's claim. Believing the statements made under oath in open court by the defendant Epifanio Hernández to the effect that if he failed to take any steps personally in order to investigate the condition of the litigation it was due to the fact that every time he asked his attorney the latter advised him that the suit was following its normal course, we must conclude that his negligence is in that sense excusable, although we regard the attitude of the attorney who thus acted as reproachable and unjustifiable."

From the facts above stated the abuse of discretion committed by the lower court appears so clear and evident that we deem it our duty to reverse the order appealed from and to revive the judgment rendered by the lower court on October 6, 1939.