[Civ. No. 15307. First Dist., Div. One. Nov. 3, 1952.]

LEONARD L. GREENWELL, as Executor, etc., Appellant, v. SAMUEL CARO et al., Respondents.

Myrick & Deering & Scott for Appellant.

Keith, Creede & Sedgwick and Cavan Hardy for Respondents.

WOOD (Fred B.), J.—This is an appeal from an order vacating the default of defendants Samuel Caro and Jacob Caro and setting aside the default judgment that had been entered against them.

Plaintiff's decedent, Mary Cohn, brought this action for damages sustained as she was leaving a certain hotel, allegedly due to an abrupt step or dropoff from the level of the lobby and doorway to the floor of the entranceway. It appears that defendants Samuel and Jacob Caro. own the hotel building, which is operated by a tenant.

Summons and complaint were served upon these defendants August 24, 1951. Their default was entered October 2. Default judgment against them for $29,715 and costs was filed and recorded October 5. November 9 by minute order and November 15, 1951, by written order, the trial court, upon motion of the defendants, set aside the default and the default judgment, permitting their answer (which had been filed October 19 with a notice of motion to vacate and affidavits in support of the motion) to stand as defendants' answer in the case, and ordering that the defendants pay all reasonable expenses of the plaintiff as may be taxed against the defendants.

Plaintiff claims that the trial court acted without evidence, upon the theory that the two affidavits upon which the defendants principally relied (other than the affidavit of merits and the verified answer) were not properly before the court. One of these affidavits, that of defendant Jacob Caro, was mailed to the trial judge after the hearing and submission of the motion to vacate, and plaintiff, by letter to the judge, promptly objected to its consideration and moved it be stricken from the files. There is nothing in the record to indicate whether or not the trial judge considered this affidavit. For the purpose of this appeal, we may assume that he did not consider it, just as if it had not be filed. Its statements were merely cumulative of those which appeared in the other affidavit and in the verified answer.

The other affidavit was that of Joseph I. Taylor, Jr., filed with the notice of motion to vacate, hence timely filed. At the hearing plaintiff objected to its reception in evidence

upon the ground that "it is incompetent, irrelevant and immaterial, there is no proper foundation for its receipt, that his statements are hearsay; and on the further ground that there is no showing that Taylor is the agent or legal representative of Samuel and Jacob Caro within the meaning of Section 473 CCP." Section 473 of the Code of Civil Procedure declares that the court may relieve a "party or his legal representative" from a judgment or order or other proceeding taken against him "through his mistake, inadvertence, surprise, or excusable neglect." Plaintiff claims that Taylor's neglect or mistake was not that of the defendants nor that of their "legal representative" even if defendants did deliver their copies of the summons and complaint to their insurance carrier for attention, the carrier assigned the matter to one of its adjusters, Taylor, for investigation, and Taylor during his execution of that assignment committed the neglect which resulted in defendants' default. The Supreme Court answered that contention in the negative when in *O'Brien* v. *Leach,* 139 Cal. 220 [72· P. 1004, 96 Am.St.Rep. 105], it held that the neglect of a party's attorney is that of the party, saying at page 222: "That which a person does through his agent is in law, for many purposes, deemed to have been done by himself, and where a party commits his defense to the agency of an attorney, the excusable neglect or inadvertence of the attorney whereby judgment is taken against the party is as much available to authorize the court to set aside the judgment as though the neglect or inadvertence had been that of the party himself." (See, also, *Toon* v. *Pickwick Stages, Inc.,* 66 Cal.App. 450, 454-455 [226 P. 628] ; *Morgan* v. *Brothers of The C. Schools,* 34 Cal.App.2d 14, 18 [92 P.2d 925] ; and *Hicks* v. *Sanders,* 40 Cal.App.2d 211, 214 [104 P.2d 549].) In the Toon case the excusable neglect occurred in the office of the attorney whom the defendant's insurance carrier employed to handle the defendant's case. We see no difference between his neglect and that of Taylor in the instant case. The mistake or neglect of each was equally the mistake or neglect of the principal, who was a party to the action. We find no holding inconsistent with this view in *Salazar* v. *Steelman,* 22 Cal.App.2d 402 [71 P.2d 79], or in *Bruskey* v. *Bruskey,* 4 Cal.App.2d 472 [41 P.2d 203], cited by plaintiff upon this point.

Plaintiff next contends that even if the mistake or neglect of the agent of a "party" may be deemed that of the party, there is no competent evidence that Taylor was defendants'

agent. This contention is based upon the theory that it is not competent for Taylor to prove his own agency by his own extrajudicial statement. This argument is fallacious for two reasons. First, no third person is trying to prove the agency (against the contentions of the principals) by the mere declarations of the agent. The principals are asserting the agency by presenting the affidavit of the agent and thus declaring and adopting what he says concerning the agency.

Second, evidence in the form of affidavits was competent upon the hearing of the motion to vacate (Code Civ. Proc., § 2009; *Armstrong* v. *Armstrong,* 81 Cal.App.2d 322, 326-327 [183 P.2d 905]). In such a case the same rules apply as where oral testimony is presented (*Fuller* v. *Lindenbaum,* 29 Cal. App.2d 227, 230 [84 P.2d 155]). Even though a witness' extrajudicial statements may not be admissible to prove the fact of his agency, that fact, when it does not depend upon a writing, may be shown upon the trial by the testimony of the agent himself (*Syar* v. *United States Fidelity & Guar. Co.,* 51 Cal.App.2d 527, 531 [125 P.2d 102]). It follows that Taylor's statements, in his affidavit, concerning his agency and that of his company, were competent to prove the agency.

Plaintiff further claims that even if the Taylor affidavit be admissible, the evidence which it affords is insufficient to show excusable neglect; that, instead, it shows inexcusable neglect. In examining the record we must bear in mind that an application for relief, such as this, is addressed to the sound discretion of the trial court and that it is the function of the trial court to weigh the evidence and resolve any conflicts between the affidavits of the opposing parties (*City of Pacific Grove* v. *Hamilton,* 100 Cal.App.2d 508 at 509 [224 P.2d 19]; and cases cited). We derive from the Taylor affidavit a sufficient basis for the order vacating the default and the default judgment. Taylor in his affidavit states that he is employed as an adjuster by Royal-Liverpool Insurance Group, the insurance carrier for defendants; that on August 27, 1951, the defendants delivered the summons and complaint to the insurance carrier and this was turned over to Taylor for investigation. Taylor immediately telephoned the attorneys for plaintiff and was advised that John Scott was handling the case but Scott was not in. Taylor left his name and telephone number with the operator. Twice during the next two weeks Taylor telephoned John Scott and on September 10, 1951, Taylor for the first time was able to speak to Scott about investigation and settlement of the case. Taylor asked for an extension of time to complete his investi-

gation and John Scott told him, "sure, take your time." Scott wanted to know if Taylor could come to his office and discuss the matter in "a couple of weeks' time." Taylor told him he thought the investigation would be in such a position that he would be ready to discuss the case for settlement. Scott requested Taylor to type a stipulation extending time for 15 days and mail it to him. Taylor said he would do this, and on September 14 mailed a stipulation extending time to September 26, 1951. Thereafter, when the stipulation was returned to Taylor's office for filing, Taylor noticed it was unsigned by Scott and had been returned because of insufficient address. Immediately thereafter and during the first week of October, 1951, Taylor attempted to telephone Scott, but Scott was not in his office. Taylor said he would call again. On October 8, 1951, Taylor wrote to John Scott to ask for additional time and to explain that he had been in contact with the insurance carrier for defendant Milton G. Cone, the tenant of the building where plaintiff's injuries occurred. On October 11, a letter from another member of plaintiff's firm of attorneys was received advising Taylor that a default was taken October 2, 1951, and denying the request for an extension of time. Taylor stated that on September 26, 1951, and on several other occasions he had discussed with Cyril R. Ash, Jr., an adjuster in the employ of defendant Cone's insurance carrier, the matter of settling this case and was advised that Ash was also in the process of negotiating a settlement with plaintiff;* that Taylor in good faith believed the plaintiff's attorneys had granted an extension of time for the purpose of working out the settlement of plaintiff's claim with all of the parties defendant; and that by said mistake, inadvertence, surprise, and excusable neglect the default judgment was taken against Samuel Caro and Jacob Caro.

We conclude that this record furnishes an adequate basis for the order appealed from and that the trial court committed no abuse of discretion in making that order.

The order appealed from is affirmed.

Peters, P. J., and Bray, J., concurred.

A petition for a rehearing was denied December 3, 1952, and appellant's petition for a hearing by the Supreme Court was denied December 29, 1952.

---

*This advice, while inadmissible to prove that such negotiations were in process, was admissible to show the reasonableness of Taylor's belief that an extension of time had been granted.