## SUFFEL v. BOSWORTH.

### No. 8548.

Circuit Court of Appeals, Ninth Circuit.

March 24, 1938.

Meserve, Mumper, Hughes & Robertson and Roy Herndon, all of Los Angeles, Cal., for appellant.

H. Sidney Laughlin, of Los Angeles, Cal., for appellee.

Before GARRECHT, MATHEWS, and HANEY, Circuit Judges.

MATHEWS, Circuit Judge.

Prior to December 7, 1933, the Comptroller of the Currency became satisfied of the insolvency of the Chilton National Bank of Chilton, Wis., a national banking association (hereafter called the bank), and on that date, pursuant to section 1 of the Act of June 30, 1876, 19 Stat. 63, 12 U.S.C.A. § 191,[1] appointed H. W. Krueger as receiver of the bank. The bank had at that time authorized and issued capital stock of $50,000 divided into 500 shares of the par value of $100 each, of which 25 shares, having a par value of $2,500, were owned and held by Lucia Shumway Suffel (hereafter called decedent) of Los Angeles, Cal.

On March 23, 1934, the Comptroller determined that, in order to pay the bank's debts, it was necessary to enforce the individual liability of its stockholders to the extent of the amount of their stock at the par value thereof, as provided in section 23 of the Act of December 23, 1913, 38 Stat. 273, 12 U.S.C.A. § 64.[2] Accordingly, on March 23, 1934, the Comptroller made an assessment, requisition, and demand upon the stockholders, including decedent, for the par value of their stock, with 6 per

[1] Section 1, 12 U.S.C.A. § 191: "Whenever * * * the comptroller shall become satisfied of the insolvency of a national banking association, he may, after due examination of its affairs, * * * appoint a receiver who shall proceed to close up such association, and enforce the personal liability of the shareholders. * * *"

[2] Section 23, 12 U.S.C.A. § 64: "The stockholders of every national banking association shall be held individually responsible for all contracts, debts, and engagements of such association, each to the amount of his stock therein, at the par value thereof in addition to the amount invested in such stock. * * *"

cent. interest from April 30, 1934, and directed the receiver to proceed, by suit or otherwise, to enforce the stockholders' liability.

Decedent never complied with the Comptroller's demand. She died on August 19, 1934. On October 4, 1934, letters of administration of her estate were granted to Frank H. Suffel by the Superior Court of Los Angeles county, Cal., sitting as a court of probate. Notice to creditors, required by section 700 of the California Probate Code,[3] was first published on October 10, 1934.

On November 22, 1934, within the six-months period specified in the notice to creditors, the receiver presented to the administrator and filed in the office of the clerk of the Superior Court his claim for the $2,500 and interest which the Comptroller had theretofore demanded of decedent. The claim was supported by the receiver's affidavit, but the affidavit was defective in that it did not state that no payments had been made on the claim which were not credited, and that there were no offsets to the same, to the knowledge of the affiant. Such a statement is required by section 705 of the California Probate Code. The administrator rejected the claim on June 27, 1935.

On September 11, 1935, the receiver presented to the administrator an amended claim for the above-mentioned $2,500 and interest, supported by a proper affidavit, and on the same day moved the superior court for an order permitting him to file such amended claim. The motion was granted and the amended claim was filed on September 12, 1935. The claim was again rejected and remains wholly unpaid.

On September 25, 1935, within the three-month period specified in section 714 of the Probate Code,[4] the receiver brought this action against the administrator in the District Court of the United States for the Southern District of California to enforce the liability of decedent's estate for the claimed amount, as provided in section 5152 of the Revised Statutes, 12 U.S.C.A. § 66.[5] The administrator defended on the ground that no valid claim was presented or filed by the receiver within the six-months period specified in the notice to creditors, and that, therefore, under section 707 of the Probate Code,[6] the claim sued on was barred.

The case was tried by the court without a jury, trial by jury having been expressly waived. At the conclusion of all the evidence, the administrator requested the court to find and hold "that the order of the [Superior Court], purporting to allow the amendment of said [receiver's] claim after the expiration of the time allowed by law for filing or presenting claims, was erroneous and void, for the reason that the original claim was void and unsusceptible of correction by amendment, and for the further reason that no showing was made by the [receiver] sufficient to invoke or justify the exercise of any jurisdiction to permit such amendment." The request was denied, and the administrator excepted.

---

3 Section 700: "The executor or administrator, promptly after letters are issued, must cause to be published * * * a notice to the creditors of the decedent, requiring all persons having claims against the decedent to file them * * * in the office of the clerk of the court from which letters issued, or to present them * * * to the executor or administrator * * * within six months after the first publication of the notice."

4 Section 714: "When a claim is rejected * * * written notice of such rejection shall be given by the executor or administrator to the holder of the claim or to the person filing or presenting it, and the holder must bring suit in the proper court against the executor or administrator, within three months after the date of service of such notice if the claim is then due * * *; otherwise the claim shall be forever barred."

5 Section 5152, 12 U.S.C.A. § 66: "Persons holding stock as executors, administrators, guardians, or trustees, shall not be personally subject to any liabilities as stockholders; but the estates and funds in their hands shall be liable in like manner and to the same extent as the testator, intestate, ward, or person interested in such trust funds would be, if living and competent to act and hold the stock in his own name."

6 Section 707: "All claims arising upon contract * * * must be filed or presented within the time limited in the notice or as extended by the provisions of section 702 [not here applicable] * * * and any claim not so filed or presented. is barred forever, unless it is made to appear by the affidavit of the claimant to the satisfaction of the court or a judge thereof that the claimant had not received notice, by reason of being out of the state."

Thereafter the court made and filed its findings of fact and conclusions of law and thereupon entered judgment in favor of the receiver for $2,500, with interest, as prayed in the complaint. The administrator appealed. Since the appeal was taken, George Shumway Suffel has succeeded Frank H. Suffel as administrator, L. J. Bosworth has succeeded H. W. Krueger as receiver, and proper substitutions have been allowed.

The administrator has assigned as error the trial court's refusal to find and hold that the superior court's order allowing the receiver to amend his claim was erroneous and void. In this court, however, the administrator has not contended that the receiver's claim, as originally filed, was "unsusceptible of correction by amendment." That contention, which was urged in the court below, has been abandoned. The administrator's present contention is that the superior court's order was erroneous and void, because "no showing was made by the [receiver] sufficient to invoke or justify the exercise of [the Superior Court's] jurisdiction to permit such amendment."

■ Assuming, without deciding, that the superior court's order was reviewable in this action, we cannot say that the order was wrong. It was applied for and granted under and pursuant to section 473 of the California Code of Civil Procedure, as amended by St.1933, p. 1851, which provides: "The court may, in furtherance of justice, and on such terms as may be proper, allow a party to amend any pleading or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect. * * * The court may likewise, in its discretion, after notice to the adverse party, allow, upon such terms as may be just, an amendment to any pleading or proceeding in other particulars. * * *"

The administrator concedes that the granting or denial of relief under section 473 "is reposed very largely in the discretion of the court to which the application is addressed," but points out that this is not an arbitrary, but a legal discretion, which, he says, must be "exercised in conformity with fixed rules of law and [requires], as a condition to its exercise, a good and sufficient showing of the facts warranting such relief."

In this case, the showing made by the receiver consisted of the proposed amendment, the receiver's motion for leave to file the amendment, and a supporting affidavit by Russell E. Hanson, who, for and on behalf of the receiver, had prepared the original claim. The affidavit stated: "That in the preparation of said claim affiant, through inadvertence and mistake, omitted from the verification of said claim a full statement of the matters required in section 705 of the Probate Code of the State of California, and more particularly a statement to the effect that 'no payments have been made thereon which are not credited, and that there are no offsets to the same to the knowledge of the affiant.'"

■ The administrator says that this affidavit was insufficient, in that it did not explain or state the reasons for the claimed "inadvertence and mistake." Assuming, without conceding, the insufficiency of the affidavit, it does not follow that the superior court erred in allowing the amendment. In determining whether the amendment should or should not be allowed, the court was not restricted to a consideration of the showing made by the receiver, but could, as it doubtless did, look to the entire record in the matter of decedent's estate. Bruskey v. Bruskey, 4 Cal. App.2d 472, 41 P.2d 203. That entire record is not before us. We have here only the showing made by the receiver and the proceedings in the superior court with reference to the filing and amendment of the receiver's claim.

■ Furthermore, the Superior Court's order allowing the amendment was a discretionary order which, if reviewable at all, was reviewable only for an abuse of discretion. Bruskey v. Bruskey, supra. There is here no showing of abuse.

■ The administrator assigns as error that the judgment appealed from does not, in express terms, direct him to pay the amount thereof "in due course of administration," as provided in section 730 of the Probate Code. This is unimportant. The provision referred to is understood to be a part of the judgment, whether incorporated therein or not. No attempt has been made, and we are assured by the receiver's counsel that none will be made, to obtain payment of the judgment otherwise than in due course of administration. Such an attempt, if made, could not succeed.

498

Assigned errors not discussed in this opinion were not urged by the administrator, in his brief or orally, and are, therefore, deemed abandoned.

Judgment affirmed.