[Civ. No. 341. Fourth Appellate District.—February 5, 1931.]

HERMAN B. KRAMER et al., Respondents, v. ASSOCIATED ALMOND GROWERS OF PASO ROBLES (a Corporation), Appellant.

596

Griffith & Thornburgh and Wm. G. Griffith for Appellant.

Edward M. Leonard, John H. Leonard and Webster & Lyon for Respondents.

JENNINGS, J.—This is an action instituted by respondents to recover damages alleged to have been sustained by them by reason of certain false and fraudulent representations made by appellant which induced the respondents to enter into a contract for the purchase of an eighty-four acre tract of land, seventy-two acres of which were planted to three year old almond trees and to make payments in compliance with the terms of the contract, which amounted to a total of $15,400.

It appears that during the years 1919 and 1920 three of the respondents resided in the state of Iowa and that the fourth was a resident of Omaha, Nebraska. During the latter part of the year 1919 the respondent H. B. Kramer had his attention directed to a certain booklet entitled: "A Life Income Plus California." This booklet was published by the appellant and described in the most glowing terms the financial profit to be derived from investments in land near San Luis Obispo, California, owned by appellant

to be planted to almond trees. The interest of respondents was so aroused by the contents of the booklet that three of them came to California for the purpose of investigating the proposition. During their stay in San Luis Obispo they met the president and certain agents of the appellant corporation and were by these persons shown a number of tracts of land owned by the corporation, some of which were planted to almond trees. Among the tracts thus exhibited was one of about eighty-four acres, of which seventy-two acres were planted to three year old almond trees. A contract was entered into on January 24, 1920, by the respondents for the purchase of this tract for the sum of $44,000. It is this contract which respondents in their complaint allege they were induced to execute because of the false and fraudulent representations made by appellant's officers and agents.

Upon the trial of the issues presented by the pleadings judgment was given in favor of the respondents in the amount of $28,600, which is the balance due on the purchase price of the land and the appellant was ordered to execute its deed to the property in favor of respondents without the payment of any further installments of money provided for in the contract of January 24, 1920, the said amount of $28,600 being credited against the balance of $28,600 due on the contract.

Certain findings of the trial court are attacked as not being supported by the evidence. In particular the court found that the respondents were defrauded by the following representations:

"(a) That said lands were of the finest almond land in the world;

"(b) That 72 acres of said lands were planted to almonds of varieties known as Nonpareil, Drakes and Texas, in the proportions as follows: Nonpareil two-thirds; Drakes one-sixth; Texas one-sixth;

"(c) That there was no danger of frost ever injuring almond trees planted or to be planted on said lands or the buds or fruit of said trees;

"(d) That said 72 acres so planted was a first-class almond orchard in every respect;

"(e) That defendant had acquired accurate knowledge regarding the character and value of said lands and from

this knowledge the said land was worth upwards of forty-four thousand dollars ($44,000.00) '';

Which were by the court found to be false and statements of fact made with intention of deceiving and which did deceive respondents. ■ It is contended that the trial court erred in finding that the foregoing representations were statements of fact and that each and all of such representations are mere statements of opinion and hence not actionable. But if any one of the representations which the trial court found were made by appellant was a misrepresentation of a material fact upon which respondents had a right to rely and did rely, it will suffice to support respondents' cause of action (*Harris* v. *Miller,* 196 Cal. 8 [235 Pac. 981]). ■ The representation as to seventy-two acres of the tract purchased by respondents being planted to certain varieties of almonds in certain specified proportions was such a representation. The record shows that it was made and that it was a false statement. The evidence also shows that it was a representation of a very material fact. It was moreover a statement in which respondents, considering their unfamiliarity with almond culture, had a right to rely and the evidence indicates that they did rely upon it. No element necessary to support respondents' cause of action relative to this representation is lacking and under the authority of *Harris* v. *Miller, supra,* it is not necessary to consider the four remaining representations which the trial court found were false statements of fact. It may be said in passing that, bearing in mind the circumstances of this case, we are of the opinion that there is only one of the remaining representations as to which there is any doubt of the correctness of the court's finding that it was a statement of fact. This is the representation that the lands of the appellant were of the finest almond land in the world.

■ It is further urged by appellant that the evidence shows that three of the respondents came from their homes in other states for the express purpose of investigating the proposal described in the published booklet, that they made inquiries, were shown properties both of appellant and other owners, sought for and obtained information—in short that they made a careful and thorough investigation and hence that they did not rely upon the representations made to

them by appellant, but relied entirely upon their own investigation. This contention may not prevail. So far as the investigation of the particular tract purchased by respondents is concerned, the evidence produced at the trial conclusively shows that the investigation of this tract was confined to one brief visit by two of the respondents accompanied by an agent of the appellant. Furthermore, it is apparent that throughout the period of investigation, respondents placed reliance upon the representations made to them by appellant's agents, particularly upon the representations of Mr. Nehrhood, referred to in the booklet as appellant's field manager, horticultural expert, and the foremost authority on almond culture in California.

█ It is also urged by appellant that the damages awarded by the trial court are excessive and it is said that it is significant that the value of the land as found by the court is the exact amount which the plaintiffs had paid on their contract. It will suffice to say that an examination of the record discloses that while there is a marked conflict in the evidence respecting the value of the land on the date of the execution of the contract nevertheless there is ample evidence of a substantial character to support the finding of the court as to the value of the land. The court applied the proper measure of damages (*Hines v. Brode*, 168 Cal. 507 [143 Pac. 729]). █ As to the objection that the trial court in fixing damages did not take into account such elements as orchard care, replanting trees, payment of taxes, and commissions paid by appellant to one of the respondents, it does not appear that the trial court failed to consider the elements of orchard care, replanting of trees, and payment of taxes. These elements were not on trial of the case disassociated from the value of the land as appellant represented it to be. It does not appear from the record that any independent evidence was presented to the trial court relative to the value of these elements. Appellant will not now be heard to complain that the court failed to take into account elements in mitigation of damages when the duty rested upon it to have presented evidence of this character. █ As to the commission paid by appellant to one of the respondents no claim for set-off or recoupment of such an item was alleged in appellant's answer or made by appellant during the trial

of the action. ■ Nor do we think such claim could be maintained in the present action.

■ The further contention is made by appellant that respondents are estopped from maintaining this action by reason of their having elected the remedy of rescission in their former suit. This contention is entirely without merit. As counsel for appellant admits, the point has been decided adversely to his contention in the case of *Campanella* v. *Campanella*, 204 Cal. 515 [269 Pac. 433]. The principle which controls in those cases wherein it has been held that a former judgment between the same parties relative to matters involved in a subsequent action is the principle of estoppel, but in order that this principle may apply there must have been a ruling upon the merits in the former case. It is not pretended that there was such a determination in the prior action instituted by respondents for the rescission of their contract with the appellant. The institution of the prior action for rescission, dismissed without prejudice to the institution of a new action upon the motion of respondents, amounted to no more than a mere gesture on their part which indicated their dissatisfaction with the contract they had entered into with appellant. The suit was not prosecuted to a hearing. There was no determination of the issues. Under such circumstances the judgment of dismissal could not operate as *res judicata*.

■ It is further urged by appellant that respondents are barred from relief in this action because of their laches. The trial court found that none of the respondents has been guilty of any laches. The question of laches is one for the determination of the trial court and its conclusion thereon will not be set aside by an appellate court if it finds reasonable support in the evidence (*McMahon* v. *Grimes*, 206 Cal. 526 [275 Pac. 440]; *Suhr* v. *Lauterbach*, 164 Cal. 591 [130 Pac. 2]; *Powell* v. *Oak Ridge Orchards Co.*, 84 Cal. App. 714 [258 Pac. 636]). The contract of sale herein was made on January 24, 1920. The first complaint was filed by the plaintiffs March 5, 1923. It is said by counsel for appellant that this was practically a year after the date when the court found that the respondents discovered the alleged fraud and from the context of appellant's brief we are led to infer that the date on which the discovery of the

alleged fraud was made was April 25, 1922. It is argued that respondents could have made a discovery of the alleged fraud at a much earlier date; that at all events respondents took all the benefits of the contract, particularly the benefits of the care of the orchard, the replanting of trees and the payment of taxes and delayed for a period of practically one year after discovery of the alleged fraud of appellant before they took any action. ▮ It is well settled that in order to bar a remedy because of laches there must appear, in addition to mere lapse of time, some circumstances from which the appellant or some other person may be prejudiced. If the respondents are to be barred from their remedy in the present case on the ground that they have been guilty of laches it must be that their delay in instituting an action has been of such length and under such circumstances that it would be inequitable to enter into an inquiry as to the validity of their claim or to allow such a remedy (*Suhr* v. *Lauterbach, supra*). ▮ But nothing appears in the record to indicate how appellant has been prejudiced by the failure of respondents to have instituted an earlier action or indeed that there has been any prejudice. If, as counsel for appellant declares, the court found that the plaintiffs discovered the alleged fraud on April 25, 1922, the appellant had then already performed its duty to cultivate and care for the orchard and to pay all taxes and assessments against the property for a period of two years following the date of the agreement, January 24, 1920. It was thereafter under no obligation to render further service without charge to the respondents in cultivating and caring for the orchard. There is nothing whatever in the record herein to indicate that appellant was in any respect prejudiced by the delay of respondents to institute their action and the specific finding of the trial court that respondents have not been guilty of any laches should not therefore be disturbed.

The judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.