[Civ. No. 6046.   Third Appellate District.—June 14, 1938.]

JOSEPH GREENBERG, Appellant, v. DU BAIN REALTY CORPORATION (a Corporation) et al., Respondents.

Joseph Greenberg, *in pro. per.*, for Appellant.

Joseph Musgrove, Fred O. McGirr and Thomas H. Cannan for Respondents.

PLUMMER, J.—This action was begun by the appellant on the 10th day of February, 1932, for the purpose of obtaining a decree of the court canceling or rescinding two certain contracts for the purchase of real estate, and to recover the instalment payments made on said contracts. The defendants had judgment, and from this judgment the appellant appeals.

The complaint in the action sets forth the various transactions had with the defendants, and the basis for rescission and recovery of the instalment payments made upon the contracts, sounds in fraud and misrepresentation, it being set forth in the complaint that the appellant was induced to enter into the contracts for the purchase of two lots, for which the defendants were either sellers or agents for the sellers, which representations were to the effect that certain improvements were to be made upon the tract in which the lots contracted for by the appellant were and are situated.

The complaint further sets forth that the improvements were not made according to the promises, and that the defendants failed to comply with their promises, and have abandoned all efforts to improve the lots according to the promises and representations made orally to the appellant, and also by certain advertising matter, exhibits of which are set out in the transcript.

We may here state that the advertising matter, as shown by the exhibits, promised paved streets, sidewalks, water mains, gas mains and electric lights. We may here add that if the exhibits set out in the transcript are correct representations of the advertising matter published and distributed by the Du Bain Realty Corporation (a selling agent for the tract), the form and appearance thereof are such as to place a reasonable man upon inquiry as to the character and reliability of the alleged selling agents. There is sufficient testimony in the record to justify the allegation that the defendants did not, and that the Du Bain Corporation did not, and never did intend to, comply fully with its oral promises or with the statement made in the printed matter published and circulated by it. In other words, there is ample testimony in the record to justify the conclusion that the contracts

of purchase relative to the lots in controversy were procured by misrepresentation as to what improvements were to be made upon the streets adjoining the lots contracted to be purchased by the appellant. However, from the status of the case, the testimony hereinafter referred to, and the findings of the court, we need not discuss what is alleged to be the fraudulent character of the transaction.

The court found that the appellant was guilty of laches, and that the action was barred by the statute of limitations. While as a matter of justice we may admit that there is sufficient in the record to show that the appellant in good conscience should recover the money paid for the lots in question, we find no escape from the conclusion of the court upon the question of laches and the statute of limitations. The record shows the following: On or about October 8, 1923, the appellant entered into a temporary contract for the purchase of the two lots involved in this action. Thereafter, on February 20, 1924, appellant assigned his interest in the temporary contract to one L. Lee Bernstein. On May 14, 1924, L. Lee Bernstein entered into two formal contracts of purchase with the Pacific Southwest Trust & Savings Bank (now called the Security First National Bank of Los Angeles). On August 1, 1924, L. Lee Bernstein assigned his interest in the two formal contracts to the appellant. The contract provided for full payment of the purchase price within three years after date, which would be some time during the year 1927. Appellant did not pay the full purchase price according to the contract, but did continue to make instalment payments up to the month of October, 1931. The improvements, such as they are, according to the contract, were completed about the year 1925. The record shows that the appellant saw the property and improvements some time during the latter part of the year 1927, or the beginning of the year 1928. On February 9, 1932, appellant served notice of rescission, claiming as grounds for rescission, fraud and misrepresentation. The action, as stated, was begun the next day.

A witness by the name of H. A. Stoll, a defendant in the action, testified that he took the appellant down to the tract in the latter part of 1927, or the forepart of 1928; that they visited the particular lots in controversy and looked over the tract. At that time the streets were graded, curbs and

sidewalks were in; that the streets were paved with four inches of oil and rock road; that the improvements agreed to be made were all in at that time. When Mr. Greenberg went out to the tract the improvements were all made.

A witness by the name of Amelia Jacobson testified that she bought a lot in 1923, and that four years after she bought the lot the sidewalks were in and gravel pavement on the streets. A witness by the name of Austin testified that the work was finished in 1925.

While the testimony of the appellant controverts the testimony of the witness Stoll, the record does show that the appellant himself, in company with a Mr. Chipkin, drove out to the Ambassador Park tract some time during the year 1928, to see what had been done, or what had taken place during the previous years; that he and Chipkin were unable to reach the lots, apparently on account of the condition of the streets. It does not appear that the appellant saw the lots in controversy again until some time later, during the latter part of the year 1931.

Shortly after viewing the lots in 1928, the record shows that the appellant went to New York City and remained there until October, 1931, when he again returned to Los Angeles and visited the Ambassador Park tract where the lots were situated, and found that no change had taken place during the intervening years.

The appellant seeks to avoid the effect of the statute of limitations and laches by alleging that he did not know that the Du Bain Realty Corporation was not going to comply further with its promises relative to making improvements upon the Ambassador Park tract, until after he returned from New York City in 1931. The fact, however, that the appellant attempted to visit the lots in controversy during the latter part of 1927, or the early part of 1928, and either viewed the lots, as testified to by Mr. Stoll, or was unable to reach the same, as testified to by himself, unquestionably justified the trial court in concluding that there were sufficient visual facts disclosed to constitute discovery of the failure of the Du Bain Realty Corporation to comply with its promises, and to ascertain the facts constituting the fraudulent representations which had been made, and upon which it is alleged that the appellant entered into the contracts of purchase for the two lots.

The court found that the appellant inspected the property purchased by him, before and at the time of entering into the contracts of purchase; that the plaintiff inspected the lots in 1927 and 1928, and learned therefrom, and knew of the street improvements in said tract, and their condition, and materials, and that the same were in the same condition, and the same materials used therein as they were in 1931, and at that time the appellant made no complaint as to the character of the improvements, or the kind and quality of the improvements on said tract, and that the owner of said tract claimed that the kind and quality of the improvements on said tract in 1937, was of the improvements it was required to, or intended to construct thereon.

The excerpts from the testimony which we have set forth herein, and what we have said, shows that the court was amply justified in making such finding. Such being the case, we are precluded from holding that the trial court was in error in coming to the conclusion that the statute of limitations began to run from the latter part of 1927; that there was sufficient, as we have said, to visually cause discovery and place a reasonable person upon inquiry to ascertain all the facts constituting the alleged fraudulent and false representations.

In the case of *Pourroy* v. *Gardner,* 122 Cal. App. 521 [10 Pac. (2d) 815], we find language which is pertinent here, to wit:

"Where the circumstances are such as to put a person of ordinary intelligence and prudence on inquiry, or where there are gross laches in making any effort to discover the real facts, which might have been discovered by the use of slight diligence, the statute of limitations cannot be avoided, and the knowledge which thus might have been obtained is imputed as of the time of the commission of the fraud."

While the facts disclosed by the record clearly support the conclusion of the trial court that the appellant's cause of action is barred by the provisions of section 338 of the Code of Civil Procedure, the opinion in the case of *Campbell* v. *Title Guarantee & Trust Co.,* 212 Cal. App. 374 [9 Pac. (2d) 264], takes up and discusses many questions which are involved herein, to wit: The right to rescind under section 1691 of the Civil Code. We do not need to quote from the opinion, but merely refer to it, as the authorities there

cited appear to be decisive of the questions presented for our consideration. It is there held that upon the discovery of the fraud, action to rescind must be begun promptly. In the instant case the trial court was correct in finding that the conditions presented by the Ambassador Park tract in 1927, and the beginning of 1928, were sufficient to indicate to any reasonable person that the respondents in this action were not going to make any further fulfillment of their promises, whether oral or written, in relation to improving the tract in question. It may be here stated that the formal contracts contained nothing with relation to the improvement of the tract, but were simply contracts of sale and purchase. The promises, whether oral or written, upon which the appellant relied, were outside of the contracts. The physical condition of the tract in 1927 and 1928, was such that the trial court we think was justified in concluding that the basis of discovery was there presented, and was such as to cause any reasonable person to conclude that the promises of the defendants were not going to be fulfilled, and that reasonable inquiry would lead to a full disclosure of the fraudulent representations. The running of the statute of limitations did not depend upon any demand for performance. It began to run from the time the appellant discovered that the promises of the defendants were not being fulfilled. In support of what we have said we may cite the cases of *Wittman* v. *Board of Police Commrs.*, 19 Cal. App. 229 [125 Pac. 265]; *Lady Washington etc. Co.* v. *Wood*, 113 Cal. 482 [45 Pac. 809]. See, also, *Johnson* v. *Ehrgott*, 1 Cal. (2d) 136 [34 Pac. (2d) 144], holding that an action for fraud and deceit must be commenced within three years after the discovery.

In reviewing the record we find no statement of circumstances that would excuse the appellant from not ascertaining all the alleged facts and circumstances constituting the alleged fraudulent promises and representations made by the respondents. With the physical condition before the eyes of the appellant, showing that the respondents were not improving the tract according to their oral and public promises, the mere fact that the appellant left the state of California shortly thereafter and did not return until some time during the year 1931, certainly justified the trial court in coming to the conclusion that no real excuse had been offered, or reason set forth for not beginning the action earlier, and

also for not making reasonable inquiry as to why the respondents had not made the improvements according to their alleged promises.

■ The question of laches is primarily one for the determination of the trial court, and its conclusion will not be set aside by an appellate court if it finds reasonable support in the evidence. (*Kramer* v. *Associated Almond Growers,* 111 Cal. App. 595 [295 Pac. 873].)

The appellant contends that much of the testimony introduced by the respondents is without any foundation in truth. That, however, was a matter for the determination of the trial court, and if the trial court believed the testimony to which we have referred to herein, showing the discovery, and the opportunity which would have led to a full knowledge of the alleged fraudulent actions of the defendants, an appellate court has no authority to set aside such findings and conclusions. It is the province of the trial court to determine the credibility of the witnesses and the weight to be given to their testimony.

■ It is also contended by the appellant that the statute of limitations, while intended to protect the innocent, is more often used as a shield by the guilty, and that such is the application of the statute in the instant case. If we admit this to be true, it furnishes no basis for setting aside the actions of the trial court. The statute is binding upon courts, irrespective of the fact that many people take advantage thereof to escape the penalty of their wrongdoing.

The action of the trial court in holding that the appellant's cause is barred by the statute of limitations, finding ample support in the record, it becomes unnecessary to discuss any of the alleged errors of the court in the trial of the action, as such errors, if admitted, would be, and are wholly immaterial.

The judgment is affirmed.

Pullen, P. J., and Thompson, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 14, 1938, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 11, 1938.