[Civ. No. 10921. First Appellate District, Division Two.—January 18, 1939.]

KATHARINE R. MAHAR et al., Appellants, v. RICHARD C. GOODSPEED et al., Respondents.

Hansen & Sweeney, M. H. Holman and H. A. I. Wolch for Appellants.

Nichols & Mattoon, Mott, Vallee & Grant and Goodspeed, McGuire, Harris & Pfaff for Respondents.

NOURSE, P. J.—Plaintiffs sued to impress a trust on certain corporate securities, for an accounting, and for damages in fraud. A nonsuit was granted as to defendant Pendell. The demurrers of certain other defendants were sustained and are involved in another appeal. After trial, judgment went for the remaining defendants. ██ The plaintiffs have appealed from this judgment under section 953a, Code of Civil Procedure. They have printed in a supplement to their brief their evidence and their exhibit alone. This is not a fair compliance with the rules since the issues raised on the appeal are the sufficiency of the evidence to support material findings of the trial court. But the only difficulty presented on the appeal is in segregating the real issues from the mass of immaterial matter found in the briefs of both parties, one of which contains 389 pages of printing

with a supplement of 353 pages, the other containing 373 pages.

The cause was tried on the theory that some of the defendants had assumed to act as trustees for plaintiffs and that they had, in conspiracy with other defendants, obtained possession of the trust *res* to their advantage. Plaintiffs were shareholders in a bank in San Pedro which held as security for a loan certain shares of another corporation—The Van Camp Sea Food Company. Some of the plaintiffs and some of the defendants were directors of the bank. Both the debt and the security were bad and, at the insistence of the bank examiners, the stock was sold at a pledgee's sale. Defendant Pendell was the purchaser—either for the bank, as contended by defendants, or for the shareholders, as contended by plaintiffs. At that time the bank organized the Harbor Holding Company, a Nevada corporation, and Pendell transferred the shares to the corporation. These transactions occurred in 1924 and 1925. Soon after the transfer last mentioned, the shareholders in the bank sold their interests to another banking corporation, but the San Pedro Bank held all the certificates of stock in the Harbor Holding Company until June 15, 1927. At that time certificates for shares in the Holding Company were mailed to all the former owners of shares in the bank proportionate to their interest in the pledged stock sold to Pendell. At the same time a letter fully explaining all these transactions was mailed to every shareholder, including each of the plaintiffs. The latter refused to accept these certificates. Some of the defendants accepted and became the active participants in the affairs of the Holding Company. The company became involved financially—the corporation whose securities had been purchased at the pledgee's sale having gone into the hands of a receiver. The Holding Company thereupon levied an assessment on all its shares and some of the defendants purchased the shares allotted to these plaintiffs. Full and due notice was given to the plaintiffs of these transactions. About seven years later the business of the Sea Food Company picked up and some dividends were paid. The plaintiffs then conceived that they had been defrauded some time between 1924 and 1927. In 1934 they commenced this action, charging all their former associates who had accepted stock in the Holding Company with fraud, misrepresentation, conspiracy, and breach of trust.

The trial court, after a protracted trial in which plaintiffs were given every reasonable opportunity to prove their voluble allegations, found that no trust relation, either constructive or resulting, existed between the parties, that there was no fraud, misrepresentation or conspiracy, and that the plaintiffs had full notice and knowledge of the transactions in 1927 and thereafter had full opportunity to acquaint themselves with the further operations complained of. Upon these findings the court drew the conclusions of law that none of the plaintiffs was entitled to any recovery against these respondents and that they were barred by their laches and by the statute of limitations.

■ Upon this statement of the case we will confine our opinion to the one issue of laches and disregard all other points discussed. Laches is a mixed question of law and fact. (10 R. C. L., p. 400.) When the defense is raised by answer and is supported by proof that, through death of parties, loss of papers, death of witnesses, or similar causes, the pleader is unable to present his case to advantage, the finding of the trial court that such delay has been so unreasonable or inexcusable as to bar further prosecution of the action is conclusive.

■ Here the trial court found in detail the relations of the parties throughout the transactions running from 1924 to the date the action was commenced showing that the plaintiffs had both actual and constructive knowledge of the matters complained of. It was also found that the defendants had been deprived by death of the testimony of many witnesses whose testimony was necessary in the formation of their case. These findings are fully supported by substantial evidence, and no contention to the contrary can be made. The judgment must stand affirmed upon this ground, hence, there is no necessity for discussion of other points raised by appellants.

■ On their appeal from the judgment of nonsuit made in favor of defendant G. Roy Pendell the appellants advance many of the same points argued on the main appeal. Since the entry of judgment, this defendant deceased and, his personal representative having been substituted, a motion to dismiss the appeal was made upon grounds which need not be here stated. It is sufficient that enough of the evidence proving plaintiffs' laches was produced in plaintiffs'

case in chief to support the finding heretofore noted and that, applying all the inferences available to them on the appeal from the order, there is nothing which would justify a further protraction of the litigation against the estate of deceased.

The judgment for all respondents is affirmed, the motion to dismiss is denied, and the judgment of nonsuit is affirmed.

Sturtevant, J., and Spence, J., concurred.