[Civ. No. 13665. Second Dist., Div. Two. Nov. 6, 1942.]

LOUIS M. FABIAN et al., Appellants, v. ALPHONZO E. BELL CORPORATION (a Corporation) et al., Respondents.

Gibson, Dunn & Crutcher and Herbert F. Sturdy for Appellants.

Overton, Lyman & Plumb, Irving H. Prince, P. B. Plumb, Jr., and B. R. Ware for Respondents.

McCOMB, J.—From a judgment in favor of defendants after trial before the court without a jury in an action to rescind a contract for the purchase of real property and to recover the value of improvements placed thereon, for the reason that the contract had been induced through (1) fraud, (2) misrepresentation, (3) nondisclosure of material facts, (4) mistake, and (5) failure of consideration, plaintiffs appeal.

For the purpose of this appeal we may assume the following facts:

On or about July 9, 1935, plaintiffs purchased from defendants a parcel of real property located in the county of Los Angeles. At such time two major geological faults crossed through said parcel of property, which faults were unknown to plaintiffs or either of them and known to defendants. Defendants failed to disclose to plaintiffs or either of them the existence of these faults and represented that the ground materials comprising the parcel of land were suitable and safe for the erection and maintenance of a residence. Thereafter plaintiffs erected a dwelling house with adjacent buildings upon the property. February 6, 1937, a slide occurred which resulted in injury to the buildings plaintiffs had erected. April 19, 1938, plaintiffs first orally notified defendants of their election to rescind their contract on the ground of misrepresentation.

As a third separate affirmative defense defendants alleged that plaintiffs' causes of action were barred by laches.

 This is the sole question necessary for us to determine: *Were plaintiffs barred from rescinding their contract because of laches?*

This question must be answered in the affirmative. The trial court in response to the issues raised by defendants' third affirmative defense of laches, made the following finding.

"As to the third separate defense, the Court finds that by reason of the slide that occurred in February, 1937, in the westerly portion of the bank, plaintiffs then knew that the westerly portion of the bank, including the overburden, was unstable and unsafe and the knowledge that they had reasonably gave notice to them that further slides were likely

to occur in the westerly portion of said bank, and they were thereby put on inquiry, and ordinary prudence and judgment would have required them to take adequate means to ascertain whether the bank as it then remained was so unstable and incompetent as to be unsafe without the installation of a retaining wall or without other measures taken to prevent further slides; but plaintiffs did not make such further inquiry nor did they make any effort to ascertain whether, or to what extent, the representations theretofore made to them by said defendant Bell Corporation were untrue.''

The foregoing finding finds substantial support in the evidence. It is conceded that a slide occurred on the property in February of 1937 and there was testimony that plaintiffs were above the average in prudence, intelligence, training, and education; that plaintiff Louis M. Fabian graduated from the United States Naval Academy; that he was trained as an engineer and had a great deal of engineering experience; that at the time he was negotiating for the property involved in this action he investigated excavations made in the vicinity of the property which he purchased and was shown the topography of the surrounding country. He designed, planned, and supervised the construction of the dwelling house located upon the land he purchased, the house being constructed by day labor under his supervision.

These rules of law are settled in California:

(1) The question of laches is one for the determination of the trial court and its conclusion thereon will not be set aside by an appellate court, if such conclusion finds substantial support in the evidence. (*Kramer* v. *Associated Almond Growers,* 111 Cal.App. 595, 601 [295 P. 873]; see, also, cases cited 10 Cal.Jur. (1923) 527, § 64, notes 4 and 5; 5 Cal.Jur. Ten-year Supp. (1936) 504, § 64, notes 4 and 5.)

(2) To bar an action for rescission on the ground of laches it is unnecessary to show that the defendants were prejudiced by the delay. (*Stevens* v. *Bryson,* 135 Cal.App. 684, 686 [27 P.2d 932]; *Neff* v. *Engler,* 205 Cal. 484. 488 [271 P. 744]; § 1691, subd. 1, Civ. Code.)

(3) It is not possible to designate a definite period of time within which a party must give notice of rescission of a contract because of misrepresentation, fraud, etc., but the facts peculiar to each case are determinative thereof. (*Hunt* v. *L. M. Field, Inc.,* 202 Cal. 701, 705 [262 P. 730]).

Applying the foregoing rules to the facts of the instant case, we find that the finding of the trial court set forth

above is binding upon this court, since there was substantial evidence to sustain such finding. It was also unnecessary to prove that defendants were prejudiced by plaintiffs' delay in giving notice of rescission. It merely remains to determine that, if fourteen and one-half months have elapsed between the date plaintiff discovers facts which with reasonable diligence would place him on inquiry, which inquiry would disclose the defects in his property, such period constitutes laches. We are bound under rule (1), *supra,* by the finding of the trial court that in the instant case it would.

The following cases are in accord with our view:

In *Brown* v. *Domestic Utilities Mfg. Co.,* 172 Cal. 733, 736 [159 P. 163], twelve months elapsed before plaintiff attempted to rescind.

In *Stowe* v. *Kaetzel,* 38 Cal.App.2d 356, 359 [101 P.2d 719], eleven months elapsed before plaintiff attempted to rescind.

In *Campbell* v. *Title Guarantee etc. Co.,* 121 Cal.App. 374, 376 [9 P.2d 264], nine months elapsed before plaintiff attempted to rescind.

In *Maginess* v. *Western Securities Corp.,* 38 Cal.App. 56, 60 [175 P. 277], six months elapsed before plaintiff gave notice of rescission.

In *Gamble* v. *Tripp,* 99 Cal. 223 [33 P. 851], four and one-half months elapsed before plaintiff gave notice of rescission.

In *Sanders* v. *Magill,* 9 Cal.2d 145, 155 [70 P.2d 159], four months elapsed before plaintiff gave notice of rescission.

In each of the foregoing cases the plaintiff's cause of action was held to have been barred by laches, because of the plaintiff's failure to more promptly give notice of rescission after learning of the facts upon which his cause of action was predicated.

In view of our conclusions, it is unnecessary for us to discuss the numerous other propositions urged by plaintiffs as reasons for reversing the judgment of the trial court.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., concurred.

Mr. Justice Wood, deeming himself disqualified, did not participate in the foregoing decision.

A petition for a rehearing was denied December 3, 1942, and appellants' petition for a hearing by the Supreme Court was denied December 31, 1942.