[Crim. No. 2317. First Dist., Div. Two. Dec. 20, 1944.]

THE PEOPLE, Respondent, v. LAWRENCE EASTMAN, Appellant.

Ernest Spagnoli for Appellant.

Robert W. Kenny, Attorney General, and Ralph W. Scott, Deputy Attorney General, for Respondent.

STURTEVANT, J.—The appeal is from an order of the Superior Court of the City and County of San Francisco, denying the appellant's motion for an order vacating, annulling and setting aside the judgment of conviction and sentence.

By a complaint filed in the Municipal Court in San Francisco during October, 1942, the appellant was charged with burglary. The premises alleged to have been burglarized con-

sisted of the buildings of the Northwest Engineering Company, 255 Tenth Street, San Francisco. Gilbert Mallory was jointly charged.

At a preliminary examination held in said municipal court, Mallory was held to answer for burglary and an information was filed against him. Mallory was tried in the superior court for burglary and the jury disagreed. Mallory thereupon pleaded guilty to the crime of attempt to commit burglary of the second degree and was given a short county jail term.

The testimony given at the preliminary examination is contained in the reporter's transcript.

At said preliminary examination the appellant Eastman pleaded guilty to the charge of burglary and the magistrate then certified said case to the superior court for sentence. On November 5, 1942, the superior court sentenced him to state prison and fixed the degree as second degree burglary.

On June 2, 1944, appellant Eastman, through his counsel, moved the superior court that it vacate and set aside the judgment of conviction on the ground that no burglary was in fact committed by anyone or at all, including, of course, the appellant.

The notice of said motion to vacate judgment is contained in the clerk's transcript.

Included in the reporter's transcript on appeal are (1) the proceedings had on the hearing of the said motion to vacate judgment; (2) the said testimony adduced at said preliminary examination; and (3) the testimony of the prosecution witnesses at the trial of the codefendant Mallory held in the superior court.

The appellant quotes from the testimony contained in the record facts showing that Mallory acted as a lookout and stationed himself at the corner of Folsom and Dore Streets, and that the appellant crawled under a wire gate into the yard occupied by Northwest Engineering Company at 255 Tenth Street. It does not show affirmatively that he entered any building in said lot. However, it does show affirmatively that he crawled up on the roof of the building of Northwest Engineering Company with the intention of entering said building through the skylight and with the intention of robbing the cash drawer after entrance made. He was apprehended and arrested before entrance and while in one of the gullies of said roof. The appellant then contends that such facts show no burglary was committed by anyone; that the appellant pleaded guilty to a crime that was never committed;

that the crime of an attempt to commit burglary of the second degree was the only offense that was committed and that the punishment of that offense could have been the county jail and not necessarily imprisonment in the state prison (Pen. Code, § 664, subd. 1); and that appellant's only remedy is by motion made to vacate the judgment. In connection with the last contention stated above, appellant contends that he labored under a mistake of fact and a mistake of law. Without deciding the point it will be assumed that the appellant did not err in presenting his contentions by making said motion. (*People* v. *Perez,* 9 Cal.App. 265, 266 [98 P. 870].) Assuming therefore that appellant's procedure was proper, the question at once arises whether the record shows he presented facts sufficient to grant him any relief.

That in entering a plea of guilty the appellant's contention that he labored under a mistake of fact presented one issue of fact calling for determination by the trial court. It determined that issue against the appellant. That being so the question before this court is, was there evidence in the record which will sustain such ruling? We think there was. At the time of the arraignment of appellant, pursuant to the provisions of the statute (Pen. Code, § 859a), the trial court read from the complaint as follows: "The Court: I instruct you, and each of you, that you are charged with the crime of felony, to wit: Burglary, committed by you in the City and County of San Francisco, on the 13th day of October, 1942, in that you did then and there wilfully and unlawfully and feloniously and burglariously *enter the house,* room, apartment, tenement, shop, warehouse, store and building of Northwest Engineering Company, 255 Tenth Street, and situated in the said City and County of San Francisco, with the felonious intent then and there to commit theft, contrary to the form, force and effect of the statute in such case made and provided." (Italics ours.) But there is no evidence that appellant could not hear, that he could not understand, or that he labored under any disability whatever. Appellant was presenting a motion. He had the right to support it by his affidavit. (Code Civ. Proc., § 2009.) But the appellant made no affidavit nor did he appear and testify. The record shows, therefore, that the appellant was informed that the complaint before the court charged appellant did "enter the house" of Northwest Engineering Company. Those words were so simple as to be understood by any ordinary layman having ordinary faculties and, on the record, we must pre-

sume appellant was such a person. It follows that there was evidence supporting the ruling of the trial court.

 Moreover, the premises of Northwest Engineering Company comprise a lot surrounded with a wire fence. In the fence is a gate which was locked with a padlock. Inside of the enclosure is the warehouse which is the main building. But there is also a shop which was under lock and key. Officer Mudd testified, ''There was no entrance gained to the building, but there was entrance gained to the outhouses and shop, which was under lock and key.'' In the absence of any evidence to the contrary the trial court was entitled to conclude the outhouse or shop was entered. If so, such facts were evidence of burglary as alleged (Pen. Code, § 459; 12 C.J.S. 679, Burglary, § 18) and there was no mistake.

The order appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.