[Civ. No. 15708.   First Dist., Div. Two.   Apr. 29, 1954.]

MARY GEDSTAD, Appellant, v. JOE O. ELLICHMAN et al., Respondents.

832

Young, Ryan & Whitton and Albert K. Whitton for Appellant.

John L. McVey for Respondents.

NOURSE, P. J.—Plaintiff, the former wife of defendant Joe Ellichman, sued to void a property settlement agreement signed by the parties in anticipation of a divorce suit and for an accounting of their community property. In the agreement, dated August 13, 1948, she declared to have received complete settlement of all property rights including community property and to waive maintenance and support in consideration of $1,000 previously paid and $1,000 to be paid within six months. Her action was based on alleged fraud and concealment of defendant in inducing her to accept as her share a small portion of the total community property while representing it to be a fair division; two counts relating to mistake in entering into the agreement were added by amendment on stipulation.

The court found in substance that the defendant presented the above agreement to the plaintiff at her request, that she signed it with knowledge of the properties owned as community property and of the legal effect of the agreement and without any misrepresentation or concealment on the part of defendant; that defendant did not make representations as to the amount or division of the community property under mistake, and that plaintiff did not rely on these representations under mistake, or was mistaken as to her community rights or the need of independent counsel; that the parties divided their property and that plaintiff received from defendant more than $1,800 after the signing of the agreement and had received $1,000 prior thereto; that plaintiff at her own choice and volition did not seek independent advice before executing the agreement; that defendant husband secured a decree of divorce by default in which it was duly adjudged that at the time of the filing of the complaint therein there was no community property of the parties, which judgment is res adjudicata in this action; that plaintiff on January 7, 1950, demanded that defendant account for the former community property of the parties, at which time she was familiar with its character and value but that she failed to bring action until July 9, 1951, and that she thereby was guilty of laches; that on June 14, 1951, plaintiff commenced a municipal court action against defendant for $1,000 plus interest, allegedly due her under the property settlement agreement, and had attachment levied against his property and a keeper placed in charge of his business, which action and conduct constituted an election of remedies as to the property settlement agreement. The conclusions of law base the denial of relief to plaintiff on res adjudicata and election of remedies. Plaintiff appeals from the adverse judgment entered accordingly.

The decision of the question as to res adjudicata depends in this case on the merits, to wit, whether the findings of the trial court against fraud or concealment are supported by the evidence. ■ ■ Normally the determination in a divorce decree in accordance with the allegations of the complaint that there is no community property of the parties is conclusive on a defendant who defaulted after service of such complaint and summons and the subject cannot be relitigated (compare *Brown* v. *Brown,* 170 Cal. 1 [147 P. 1168]; *Lindley* v. *Hinch,* 57 Cal.App.2d 717 [135 P.2d 421]; *Maxwell* v. *Maxwell,* 66 Cal.App.2d 549 [152 P.2d 530]), but if the de-

fendant was deprived of a fair opportunity fully to present his case because his adversary in violation of a confidential relationship had concealed from him facts essential to the protection of his rights, specifically when, as alleged in this case, community assets have been concealed by a husband from his wife in connection with the negotiating of a property settlement agreement, equitable relief from such a judgment may be granted. (*Jorgensen* v. *Jorgensen*, 32 Cal.2d 13, 19 et seq. [193 P.2d 728].) However, we need not go into said question involving the merits because the judgment must at any rate be sustained on another ground.

The trial court held that appellant was precluded from claiming that the agreement was void and found the circumstances on which to base this conclusion, to wit, the demand in January, 1950, and the institution of the action on the contract with attachment in June, 1951. The demand was contained in a letter of appellant to her former husband dated January 6, 1950, and received in evidence, which contained among other things the following language: ''You did not do right by me and you was very selfish when it come to dividing the money and you know it. You know that home we sold in Oroville you got 9500.00 for it also you made a profit on the duplex on Brookdale. . . . But I am going to work and then I am going to get an attorney and see if I can do anything about it. I have all the papers here and I have my bank book that was dated a year before you divorced me. So I shall find out all about it then watch out. I am not asking for anything only what rightfully belongs to me because it is mine not all yours.'' This letter shows such knowledge of the possible defects of the agreement as to put appellant on inquiry and to require her to act diligently to protect her rights.

■ Section 1691, Civil Code, requires the party who wishes to rescind an agreement to use reasonable diligence to rescind promptly when aware of his right and free from undue influence or disability. In such a suit acting promptly is a condition of his right to rescind (*Victor Oil Co.* v. *Drum*, 184 Cal. 226, 243 [193 P. 243]; *Neff* v. *Engler*, 205 Cal. 484, 488 [271 P. 744]) and therefore diligence must be shown by the actor whereas in other actions laches is an affirmative defense to be alleged by the defending party. ■ Absence of explanation of delay may even cause a complaint for rescission to be demurrable. (*Bancroft* v. *Woodward*, 183 Cal. 99, 109 [190 P. 445].) ■ A delay of more than one month in serving notice of rescission requires explanation. (*Campbell*

v. *Title Guarantee etc. Co.*, 121 Cal.App. 374, 377 [9 P.2d 264].) ■ The diligence is required throughout and it applies as well to the time a person will be held aware of his right to rescind as to the time he will be held to have discovered the facts on which that right is based. (*Bancroft* v. *Woodward, supra,* 183 Cal. 99, 108; *First Nat. Bank* v. *Thompson,* 212 Cal. 388, 401 [298 P. 808].) ■ "To bar an action for rescission on the ground of laches it is unnecessary to show that the defendants were prejudiced by the delay." (*Fabian* v. *Alphonzo E. Bell Corp.* 55 Cal.App.2d 413, 415 [130 P.2d 779].) In this case the complaint dated and filed July 9, 1951, alleges that plaintiff disavows and rescinds the agreement "hereby" which causes the rescission to be nearly three years after the agreement and more than one and one-half years after she had shown by her letter to have been put on inquiry.

■ Moreover the fact that on June 14, 1951, appellant commenced an action on the contract and levied an attachment is highly relevant. This fact in itself may show that appellant did not promptly institute an action for *rescission.* (*Estrada* v. *Alvarez,* 38 Cal.2d 386, 390 [240 P.2d 278].) ■ As appellant had then for one and one-half years been put on inquiry it can also be considered as an election to affirm the contract and to waive the fraud. (Civ. Code, § 1588; *Ruhl* v. *Mott,* 120 Cal. 668, 677 [53 P. 304]; *Montgomery* v. *McLaury,* 143 Cal. 83, 88 [76 P. 964]; *LeClercq* v. *Michael,* 88 Cal.App. 2d 700, 702 [199 P.2d 343].) ■ The obtaining of an attachment in pursuance of the action on the contract to her own advantage and to the detriment of respondent may also have estopped her from pursuing an action for rescission (*Steiner* v. *Rowley,* 35 Cal.2d 713, 720 [221 P.2d 9]; *Estrada* v. *Alvarez, supra,* 38 Cal.2d 386, 391.) Even if the defenses of affirmance, waiver and estoppel would not be available to respondent because he did not plead them, the question of unreasonable delay would remain decisive. ■ The question of laches or unreasonable delay must in each case be determined upon the basis of its facts, and in the absence of a palpable abuse of discretion the trial court's finding upon the issue will not be disturbed on appeal, both when he finds for or against laches. (*Williams* v. *Marshall,* 37 Cal.2d 445, 455 [235 P.2d 372]; *Fabian* v. *Alphonzo E. Bell Corp., supra,* 55 Cal.App.2d at p. 415.) Accordingly in this case we are bound by the trial court's finding of laches because if ap-

pellant can be said to have made any showing of excuse of delay at all, said showing was certainly not such that it proves as a matter of law that she had not forfeited her right to attack the validity of the property settlement agreement.

Judgment affirmed.

Dooling, J., and Kaufman, J., concurred.