[Civ. No. 20450.   Second Dist., Div. Two.   Nov. 19, 1954.]

ROBERT M. OGDEN, as Administrator with Will Annexed, etc., Appellant, v. TITLE INSURANCE AND TRUST COMPANY, as Administrator, etc., Respondent.

Charles I. Rosin for Appellant.

Wallace & Wallace for Respondent.

McCOMB, J.—From a judgment in favor of defendant after trial before the court without a jury, in an action to recover upon a promissory note, filed by Mable Belle Carter, the widow of Frank Carter and executrix of his estate, plaintiff appeals.   At the commencement of the trial Robert M.

Ogden, the present administrator with will annexed of the estate of Frank Carter, was substituted as plaintiff.

*Facts:** In 1944, George Louis Junge, now deceased and of whose estate defendant is administrator, executed a promissory note to Frank Carter, now deceased. When the statute of limitations was about to run on the 1944 note, Mr. Junge, who was a long time friend of Mr. Carter, in order to insure the latter's receiving a portion of his estate, executed a promissory note in favor of Mr. Carter in the sum of $3,000, payable one day after date. The note was a gift to Mr. Carter, who gave no consideration therefor. Mr. Carter predeceased Mr. Junge. The present suit is to recover for the estate of Mr. Carter the amount of the promissory note.

█ *Questions:* First: *Was there substantial evidence to sustain the trial court's finding that the note given to Mr. Carter by Mr. Junge was executed and delivered as a gift and without consideration?*

*Yes.* Witness Bennett, who worked for Mr. Carter in his office, testified: "Q. You say Mr. Junge at that time said that he wanted to make a gift to Mr. Carter of $3,000? A. Yes, it was to be a gift and the money was to come from a trust fund and he wanted Mr. Carter to have a note so he could collect at the time of Mr. Junge's death. Q. That was said about the same time the old note was taken up? A. Yes."

From the foregoing evidence the trial court was justified in drawing the inference that the note executed by Mr. Junge was a gift and without consideration. It is elementary that contrary evidence must be disregarded. No useful purpose would be served by a further discussion of the evidence. (*Thatch* v. *Livingston,* 13 Cal.App.2d 202 [56 P.2d 549].)

█ It is settled that a negotiable instrument which is given without consideration, with directions to the payee to present it for payment after the death of the maker, and which is not so presented until after his death, is not a completed gift, does not vest in the drawee an absolute property in the thing given, and is revoked by the death of the drawer prior to the time the instrument is paid. (*Pullen* v. *Placer County Bank,* 138 Cal. 169, 170 et seq. [66 P. 740, 71 P. 83, 94 Am.St.Rep. 19].)

█ Second: *Did the trial court prejudicially err in sustaining an objection to the following question asked Mrs.*

*The evidence is viewed in the light most favorable to defendant (respondent) pursuant to the rule set forth in *Estate of Isenberg,* 63 Cal.App.2d 214, 216 [2] [146 P.2d 424].

*Carter, the widow of plaintiff's deceased:* "*Q. Mrs. Carter, do you know whether Mr. Carter during a period of years at various times loaned money to Mr. Junge?*"

*No.* After the foregoing question was asked, an objection was made which was sustained, whereupon plaintiff's counsel said, "That is all."

It is settled that where a question to which an objection is sustained does not indicate that the answer will be favorable to the party seeking to introduce the testimony, before the ruling will be reviewed on appeal an offer of what is proposed to be proven must first be made to the trial court so that the reviewing court may determine whether the evidence would be beneficial to the party offering it. (*People* v. *Temple,* 102 Cal.App.2d 270, 279 [11] [227 P.2d 500], hearing denied by the Supreme Court; *Kentera* v. *Kentera,* 66 Cal.App.2d 373, 376 [4] [152 P.2d 238]; see also cases cited in 3 Cal.Jur.2d (1952) Appeal and Error, § 269, p. 804.)

In the instant case the question did not indicate that the answer would be beneficial or material to plaintiff, nor was any offer of proof made.

In view of our conclusions it is unnecessary to discuss other questions argued by counsel. For the reasons hereinbefore stated the judgment is affirmed.

Moore, P. J., and Fox, J., concurred.

A petition for a rehearing was denied December 6, 1954, and appellant's petition for a hearing by the Supreme Court was denied January 12, 1955.