[Civ. No. 8846.   Third Dist.   Mar. 8, 1957.]

LILLIAN L. McNULTY et al., Respondents, v. CURTIS A. LLOYD et al., Appellants.

Curtis A. Lloyd, in pro. per., and Laurance I. Dodge for Appellants.

C. A. Degnan for Respondents.

WARNE, J. pro tem.*—This is an appeal by defendants from a judgment in favor of the plaintiffs below, respondents herein, restoring respondents to the possession of certain real property in Del Norte County.

In 1948 respondents entered into a conditional sales contract for the sale of certain land to the Lloyds for a total price of $12,000. No down payment was required. Payments of not less than $20 per month, plus annual interest at the rate of 5 per cent, were called for. When the total ''rental'' payments reached $1,200 the Lloyds could, on payment of one-half of the balance due, receive a grant deed to the property, subject to a deed of trust securing payment of the balance. The instrument contained the following provision: ''It is also agreed that, during the life of this agreement . . . all the terms and conditions thereof shall bind and inure to the benefit of the parties hereto and their heirs and assigns, except that this . . . Agreement or any rights or interests therein pertaining to the said parties of the second part [the Lloyds] can not be assigned in any wise by said parties of the second part or any sale . . . of their interests except by agreement with the parties of the first part, . . .'' In 1949 a supplemental agreement was executed to correct an error in the description of the lands in the first agreement. This second agreement contained the same clause forbidding alienation of the Lloyds' interest without the permission of the respondents.

The Lloyds went into possession in 1948 and then began ''leasing'' portions of the property. These leases were for specific portions of the property and were for periods of 10 years. The leases contained an ''option of release'' and also of purchase.

*Assigned by Chairman of Judicial Council.

On March 7, 1951, plaintiffs served written notice on defendants, terminating said conditional sale agreement, claiming that defendants had breached the agreement by selling certain portions of the property in violation of the express terms thereof. Said notice also demanded that defendants remove all property they owned from the premises within 30 days. Defendants thereafter continued to hold said property, and in August, 1951, plaintiffs filed suit for restitution of the premises. The case was tried without a jury. Judgment was in favor of plaintiffs, restoring them to possession of said lands. Findings were waived. Defendants appeal from the judgment.

In their answer, defendants admit that they entered into certain lease agreements for specific portions of said property. They allege, however, that said lease agreements were made with either the actual or implied consent of the plaintiffs. They also denied that they breached the contract.

We are of the opinion that the facts and circumstances as shown by the evidence are sufficient to sustain the judgment.

Whether a contract is a lease or a sale is to be determined, not solely from its outward form and the technical terms employed, but from the intention of the parties as disclosed by the instrument as a whole. (51 C.J.S., Landlord and Tenant, § 202, p. 808; *Mahoney* v. *City & County of San Francisco*, 201 Cal. 248 [257 P. 49].) After entering into the conditional sale agreement with respondents, appellants entered into a number of so-called leases with various persons. The terms of all of the leases were similar in form and contained an option to purchase, and in that event all payments made under the lease were to be applied upon the purchase price. The evidence discloses that in nearly all instances the so-called lessee immediately took possession and started building upon the premises. As an example, one lease with a David Dungey called for a rental of $7.50 a month for 10 years for 3½ acres of land. The lessee had the right, upon satisfactory completion of the lessor's purchase contract with plaintiffs, to exercise an option to purchase the property for $250 per acre, and in the event of purchase all lease payments were to be applied against the purchase price. At the end of 10 years the purchase price would be fully paid. These facts were sufficient to sustain the trial court's implied finding that the so-called leases were in reality contracts of sale and were in violation of appellants' agreement with the respondents. Nor does the

fact that each lease contained a provision that it was dependent upon appellants' completion of their purchase contract, change the character of the agreement. Appellants in reality were selling the property.

Defendants contend that to uphold the judgment of the trial court would work a forfeiture abhorrent to the law, but they made no such contention before the trial court. It is urged for the first time before this court. ■ If defendants desired relief from their forfeiture, they should have asked for it in the court below under the provisions of section 3275 of the Civil Code which provides: ''Whenever, by the terms of an obligation, a party thereto incurs a forfeiture, . . . by reason of his failure to comply with its provisions, he may be relieved therefrom, upon making full compensation to the other party, except in case of a grossly negligent, willful, or fraudulent breach of duty.'' This section presupposes that the party seeking relief is in default, and, in order to secure relief under its terms it is necessary for him to plead and prove facts that will justify its application. (*Barkis* v. *Scott*, 34 Cal.2d 116, 120 [208 P.2d 367], and cases cited therein.) None were pleaded and proved in the instant case. Defendants' defense was that the leases were made with the consent, either actual or implied, of the plaintiffs, and that they had not violated any of the provisions of the conditional sale agreement with plaintiffs.

Defendants also claim that if the leases were in violation of the agreement, plaintiffs had waived the breach. The testimony is conflicting upon this issue. However, there is substantial evidence in the record to sustain the trial court's finding that there was no waiver by the plaintiffs. Therefore, this court adopts said finding as true.

It is finally contended that plaintiffs were guilty of laches in asserting their claim that there had been a breach of the contract. This again is an affirmative defense which should have been pleaded by the defendants. Appellants, in their brief, admit that ordinarily such would be the rule but claim that by pleading in their answer that the first lease agreement entered into on or about June 10, 1948, was ''actually or impliedly'' assented to by the plaintiffs, they had sufficiently raised such issue as a defense in the instant case.

Again, as stated, the evidence was conflicting as to when plaintiffs first learned that defendants were in effect selling the property. The court impliedly found that the respondents were not guilty of laches. ■ In order to impute laches

to one who seeks relief in equity, it should clearly appear that he either had actual knowledge of the facts or failed to acquire such knowledge after having notice thereof. (18 Cal.Jur.2d, § 42, p. 214.) ■ Laches is a mixed question of law and fact (*Mahar* v. *Goodspeed,* 30 Cal.App.2d 391 [86 P.2d 382]), and its availability as a defense must be made to appear from the facts of the controversy. (*Borden* v. *Boyvin,* 55 Cal.App.2d 432 [130 P.2d 718] ; *Gedstad* v. *Ellichman,* 124 Cal.App.2d 831 [269 P.2d 661].) We conclude that there is no merit in any of appellants' contentions.

The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.