[L. A. No. 24454.   In Bank.   Feb. 14, 1958.]

WILLIAM S. BECKETT, Respondent, v. KAYNAR MANUFACTURING COMPANY, INC. (a Corporation), Appellant.

696

Mitchell, Silberberg & Knupp and Arthur Groman for Appellant.

William F. Clements for Respondent.

McCOMB, J.—Kaynar Mfg. Co., Inc., appeals from a judgment entered upon an order confirming an award of arbitrators.

## Chronology

(i) August 5, 1955, an agreement of employment was executed by the parties whereby appellant hired respondent, an architect, to design a factory building. Thereafter, work was undertaken by respondent pursuant to the terms of the contract and was continued until November 1955, when appellant cancelled the contract.

(ii) January 17, 1956, a controversy having arisen, three arbitrators were appointed pursuant to paragraph 21 of the agreement[1] and in accordance with the provisions of rule IV of the Commercial Arbitration Rules of the American Arbitration Association.

(iii) Arbitration hearings were held on March 15, March 28, and April 3, 1956. The matter was then submitted, with written briefs later filed by each party.

(iv) June 25, 1956, both parties consented to an extension of time as requested by the board of arbitrators in which they could make their award.

(v) July 12, 1956, the arbitrators rendered their award "in full settlement of all claims submitted" in favor of respondent and against appellant in the sum of $5,809.38. The arbitrators specifically found against appellant on its counterclaim for $4,000 previously paid respondent under the terms of the contract and for an additional sum of $10,000 damages for breach of contract.

(vi) July 23, 1956, respondent filed in the superior court his application for an order confirming the award of arbitration, and on July 27, 1956, filed his notice of motion for an order confirming the award.

(vii) August 2, 1956, appellant filed a notice of motion to vacate the arbitration award and objection to the motion to confirm. An affidavit by Kenneth Reiner was filed in opposition to the motion to confirm, in which it was claimed that respondent induced the contract by fraud.

(viii) Hearings on these motions were held on August 3, 1956, and August 10, 1956. It was stipulated by counsel for both parties that the hearings before the arbitrators occurred on March 15, March 28, and April 3, 1956, and that prior to the filing of the application for an order confirming the award, no notice of rescission was given to respondent by appellant.

---

[1] Paragraph 21 of the agreement reads: "All questions in dispute under this agreement shall be submitted to arbitration at the choice of either party. Such arbitration shall be conducted under the rules of the American Arbitration Association."

(ix) At the conclusion of the hearings on August 10, 1956, the trial court (a) granted the motion for confirmation of the award and (b) denied the motion to vacate the arbitration award.

In support of its order, the court made the following findings of fact:

"That Kaynar Mfg. Co., Inc. has been guilty of laches with respect to the claim of fraud by waiting over three months, from the time it discovered the facts it claimed constituted fraud on the part of William S. Beckett, before taking any action to disaffirm or rescind the contract.

"That Kaynar Mfg. Co., Inc., is estopped from asserting the said claim of fraud by having continued on with the arbitration after receiving information of the alleged fraud, by having consented to an extension of time in which the arbitrators should make their award, and by having waited until after an arbitration award had been rendered, and a notice of motion to confirm said award had been filed, before raising said claim of fraud."

*Questions*: First: *Did the trial court err in confirming the award without hearing evidence and making findings of fact and conclusions of law with respect thereto?*

*No.* The following rules are here applicable:

■ 1. An application for confirmation or revocation of an award "shall be heard in a summary way in a manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided." (Code Civ. Proc., § 1285.)[2]

■ 2. The superior court is required to grant an order confirming an award unless the award is vacated, modified, or corrected as prescribed in section 1288 or section 1289 of the Code of Civil Procedure. (Code Civ. Proc., § 1287.)

■ 3. Notices must be in writing, and the notice of a motion must state the grounds upon which it will be made and the papers, if any, upon which it is to be based. (Code Civ. Proc., § 1010.)

■ 4. An affidavit may be used upon a motion. (Code Civ. Proc., § 2009.)[3]

---

[2] There are no provisions expressly providing for the hearing of a motion other than those set forth in this opinion.

[3] Motions are usually made and determined on affidavits alone. (*Guardianship of Van Loan*, 142 Cal. 423, 426 [76 P. 37]; *People* v. *Albin*, 111 Cal.App.2d 800, 806 [245 P.2d 660]; *People* v. *Eastman*, 67 Cal.App.2d 357, 359 [1] [154 P.2d 37]; *Fuller* v. *Lindenbaum*, 29 Cal.App.2d 227, 230 [1] [84 P.2d 155].)

■ 5. In a matter in which an issue is tried on affidavits, the rule on appeal is that those affidavits favoring the contentions of the prevailing party establish not only the facts stated therein, but also all facts which reasonably may be inferred therefrom. .Where there is a substantial conflict in the facts presented by the affidavits, the determination of the controverted facts by the trial court will not be disturbed on appeal. (*Griffith Co.* v. *San Diego College for Women,* 45 Cal. 2d 501, 507 [7], 508 [9] [289 P.2d 476, 47 A.L.R.2d 1349]; *Greenwell* v. *Caro,* 114 Cal.App.2d 35, 38 [4] [249 P.2d 573]; *People* v. *Kirk,* 109 Cal.App.2d 203, 207 [4] [240 P.2d 630].)

■ 6. There is no necessity to make findings on an order made after a motion has been ruled upon. (*Waymire* v. *California Trona Co.,* 176 Cal. 395, 399 et seq. [168 P. 563]; *Perez* v. *Perez,* 111 Cal.App.2d 827, 829 [3] et seq. [245 P.2d 344].)

The only showing in the record in this case concerning evidence rejected at the hearing before the court is in the court's minutes of August 10, 1956, which read: ". . . The model described in the affidavit of Arthur Groman is offered in evidence on behalf of Kaynar Manufacturing Co. and counsel for petitioner objects, which objection is sustained. The model is to be marked for identification and retained in the possession of Kaynar Manufacturing Co. to be produced before an Appellate Court on request. . . ."

■ The only purpose for which it would have been proper to introduce evidence was to show that a vacation, modification, or correction of the award was warranted under either section 1288 or section 1289 of the Code of Civil Procedure. It does not appear that the rejected evidence, or any other evidence, in this case was offered for such purpose. Therefore, the hearing must be presumed to have been conducted without error in the exclusion of evidence. (*Marshall* v. *Hancock,* 80 Cal. 82, 84 [22 P. 61]; *Ogden* v. *Title Ins. & Trust Co.,* 129 Cal.App.2d 26, 28 [276 P.2d 146]; *Newman* v. *Sunde,* 23 Cal. App.2d 332, 335 [2] [73 P.2d 260]; *Abrams* v. *Hubert,* 10 Cal. App.2d 404, 407 [4] [51 P.2d 884].)

In view of the rules set forth above, the award alone, in the present case, was sufficient basis for the judgment.

■ Second: *Was there substantial evidence to sustain the trial court's finding that appellant was guilty of laches with respect to the claim of fraud?*

*Yes.* The record discloses that appellant was guilty of laches for failing to rescind promptly upon discovery of

the alleged facts constituting the claimed fraud. It appears that the alleged fraud was discovered by appellant not later than April 3, 1956; that no notice of rescission was ever given to respondent; and that no claim that the contract was invalid for fraud in the inducement was made until August 2, 1956.

One seeking to rescind a contract because of fraud must act promptly when aware of his right and free from undue influence or disability. (Civ. Code, § 1691; *Neet* v. *Holmes,* 25 Cal.2d 447, 460 [10] [154 P.2d 854]; *Bancroft* v. *Woodward,* 183 Cal. 99, 108 [6] [190 P. 445]; *Gedstad* v. *Ellichman,* 124 Cal.App.2d 831, 834 [3] [269 P.2d 661]; *cf. Corcoran* v. *City of Los Angeles,* 136 Cal.App.2d 839, 842 [2] et seq. [289 P.2d 556].)

Likewise, the question of laches is one for the determination of the trial court, and its conclusion thereon will not be set aside by an appellate court if there is substantial support in the evidence for such conclusion. (*Gedstad* v. *Ellichman, supra,* at p. 835 [11]; *Fabian* v. *Alphonzo E. Bell Corp.,* 55 Cal.App.2d 413, 415 [130 P.2d 779].)

The fact that appellant, knowing of the alleged fraud, waited for at least four months before alleging fraud, filed briefs before the arbitrators, agreed to an extension of time within which they might make their award and awaited the result of the award, which might have been favorable to it, is sufficient to sustain the trial court's finding that appellant was guilty of laches, and the finding is therefore binding on this court. (*Sanders* v. *Magill,* 9 Cal.2d 145, 155 [8] [70 P.2d 159]; see also cases listed in *Fabian* v. *Alphonzo E. Bell Corp., supra,* at p. 416 [1c].)

In view of the foregoing conclusions, it is unnecessary to discuss other questions argued by counsel.

The judgment is affirmed.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.

Appellant's petition for a rehearing was denied March 12, 1958.